**Reverse, Render, and Remand; Opinion Filed March 6, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

No. 05-11-00732-CV

_____

# WILLIAM B. BLAYLOCK AND ELAINE C. BLAYLOCK, Appellants
# V.
# THOMAS P. HOLLAND AND KIMBERLY HOLLAND, Appellees

### On Appeal from the 193rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 09-8910

## OPINION
Before Justices FitzGerald, Fillmore, and Richter[1]
Opinion by Justice Richter

This appeal arises from a boundary dispute between adjoining landowners. William B. Blaylock and Elaine C. Blaylock appeal the trial court's judgment awarding title to a strip of property originally part of the Blaylocks' lot to Thomas P. Holland and Kimberly Holland by adverse possession. The dispositive issue before us is whether there is legally sufficient evidence to support the trial court's judgment. For the reasons that follow, we conclude there was not. We therefore reverse the trial court's judgment and render judgment for the Blaylocks. In light of our disposition, we remand this cause to the trial court for consideration of the Blaylocks' request for attorney fees.

_____

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

## BACKGROUND

The Blaylocks and the Hollands are neighbors whose backyards share a common rear boundary. This dispute arose after the Hollands built a chain link fence in August of 1999. The Blaylocks asserted that the chain link fence was on the Blaylocks' property and on or within an easement at the rear of the Blaylock property.[2] After the Hollands refused to remove their fence, the Blaylocks filed this lawsuit to quiet title on July 17, 2009. The Hollands filed a counterclaim asserting they were entitled to possession and title to the disputed strip by adverse possession.

The case was tried before the court without a jury and judgment was rendered in favor of the Hollands and against the Blaylocks. Among other things, the trial court found that the Hollands should be awarded title to the property on their side of the fence separating the parties' backyards by adverse possession; that the Blaylocks brought their suit to quiet title later than ten years after their cause of action accrued; that the disputed property had been held in peaceable and adverse possession by the Hollands for over ten years; and that the Hollands had continuously cultivated, used, and enjoyed the property for over ten years. The Blaylocks appeal the trial court's judgment.

## ANALYSIS

In their second issue, the Blaylocks challenge the legal sufficiency of the evidence to support the trial court's judgment with respect to adverse possession. We review a trial court's findings of fact for legal and factual sufficiency using the same standards applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). Where, as here, the Blaylocks attack the legal sufficiency of the evidence to support an adverse finding on which they did not have the

---

[2] The chain link fence was constructed up against a pre-existing wooden fence. The former property owner of the Blaylock lot testified that the wooden fence was about three feet east of the lot's north-south boundary line in the rear. The wooden fence was on the Blaylock lot when the property was sold to the Blaylocks in 1993.

burden of proof, they must show there is no evidence to support the adverse finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In evaluating a no-evidence challenge, we view the evidence in the light most favorable to the finding, disregarding all contrary evidence that a reasonable fact-finder could have disbelieved. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). If there is more than a scintilla of evidence to support a finding, we must uphold it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

**Adverse Possession**

Adverse possession is an actual and visible appropriation of property beginning and continuing under a claim of right that is inconsistent with and hostile to the claim of another party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002). A lawsuit to recover property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property must be brought no later than ten years after the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.026 (West 2002). Thus, to establish adverse possession, the Hollands must demonstrate that they actually and visibly appropriated the disputed property for ten or more consecutive years such that their use of the property gave the Blaylocks notice of the hostile claim. *See Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).

The Blaylocks argue there is no evidence that the Hollands' use or appropriation of the strip in question was sufficient to give notice that they were asserting a claim to the property that was hostile to the Blaylocks' ownership interests until they constructed the chain link fence on the property in August 1999. The Blaylocks contend that because their suit to quiet title was filed less than ten years after the Hollands erected the chain link fence, the trial court erred in awarding the property to the Hollands by adverse possession. The Hollands respond that they

have used and enjoyed the disputed strip since 1995, when they first moved onto the property. They therefore assert the trial court properly awarded them title by adverse possession.

An adverse possession claim requires proof of actual possession of the disputed real property that is open and notorious, peaceable, under a claim of right, adverse to the claim of the owner, and consistent and continuous for the duration of the statutory period. *See id.* at 645. The actual possession must indicate unmistakably an assertion of a claim of exclusive ownership in those claiming title by adverse possession. *See Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006). Moreover, there must be an intention to claim property as one's own to the exclusion of all others; mere occupancy of land, absent an intention to appropriate it, will not suffice. *See Ellis v. Jansing*, 620 S.W.2d 569, 571–72 (Tex. 1981). Mowing the grass, planting flowers, and maintaining a hedge are not sufficient hostile acts to give notice of an exclusive adverse possession. *See Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985); *Masonic Bldg. Ass'n. of Houston, Inc. v. McWhorter*, 177 S.W.3d 465, 475–76 (Tex. App.—Houston [1st Dist] 2005, no pet.).

Before the Hollands constructed the chain link fence in August of 1999, the only fence separating the parties' properties was the wooden fence located on the Blaylock property. Kimberly Holland testified, however, that she believed all the land from their side of the wooden fence belonged to them. She further stated that she and her family had used the entire yard since they moved in. When asked to describe the type of use, she replied, "Daily use. We have—well, we have a son and also had a nephew living with us, and we've had animals, so it's been continuous use. And through the years we've added things, like a swimming pool." In response to a question on direct examination regarding who used the three-foot public utility easement at the back of the yard, Holland stated, "Members of like private utility companies, like TXU,

Southwestern Bell. Many members of my family and friends that have been invited to activities in my backyard, and our kids. And, of course, we've used the whole backyard, so I've had a lot of people there." The Hollands also offered several photographs of their backyard in 1995 depicting their yard and the wooden fence. This is the extent of the evidence on which the Hollands rely to support their position that since 1995, they have manifested intent to appropriate the disputed strip and that their use of the strip was hostile to the Blaylocks' ownership interests. Before August 1999, however, there was nothing about the Hollands' actions with respect to the strip in question that was necessarily inconsistent or adverse to the Blaylocks' ownership. The evidence shows that the Hollands mistakenly thought the pre-existing wooden fence was the rear boundary line of their property. Kimberly Holland's testimony that the Hollands used what they considered to be their entire backyard since they moved to the property in 1995 is no evidence of their visible appropriation of the disputed strip and thus legally insufficient to support the trial court's finding of adverse possession. It was not until the Hollands erected the chain link fence in August 1999 that their actions with respect to the disputed strip became inconsistent with and hostile to the Blaylock's ownership interests. *See Tran*, 213 S.W.3d at 915 (building structure on property may be sufficient evidence of adverse possession).

**Conclusion**

Based on the record before us, the evidence is legally insufficient to support the trial court's finding that the Hollands acquired the disputed strip of property by adverse possession because no evidence supports the trial court's finding that the Hollands appropriated the property in an actual and visible manner, hostile to the true owner, for more than ten years. In light of our conclusion, we need not address the Blaylocks' first issue. We reverse the judgment of the trial court and render judgment in favor of the Blaylocks. We remand the cause to the trial court for

entry of judgment consistent with our opinion and for consideration of the Blaylocks' request for attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 16.034 (West Supp. 2012).

 

 

_____
MARTIN RICHTER
JUSTICE, ASSIGNED

110732F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM B. BLAYLOCK AND ELAINE
C. BLAYLOCK, Appellant

No. 05-11-00732-CV       V.

THOMAS P. HOLLAND AND
KIMBERLY HOLLAND, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 09-8910.
Opinion delivered by Justice Richter.
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED.** We **RENDER** judgment in favor of the appellants William B. Blaylock and Elaine C. Blaylock. We **REMAND** this cause to the trial court for entry of judgment consistent with our opinion and for consideration of appellants' request for attorney's fees.

It is **ORDERED** that appellants William B. Blaylock and Elaine C. Blaylock recover their costs of this appeal from appellees Thomas P. Holland and Kimberly Holland.

Judgment entered this 6th day of March, 2013.

MARTIN RICHTER
JUSTICE, ASSIGNED