**REVERSE, RENDER, and REMAND, and Opinion Filed July 14, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-13-01197-CV

**WILLIAM B. BLAYLOCK AND ELAINE C. BLAYLOCK, Appellants**
**V.**
**THOMAS P. HOLLAND AND KIMBERLY HOLLAND, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-08910**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

This appeal concerns a trial court's denial of an award of trial court costs to appellants William B. Blaylock and Elaine C. Blaylock (the Blaylocks). In two issues, the Blaylocks assert the trial court was without jurisdiction to exceed the prior mandate of this Court by denying the Blaylocks their trial court costs and the trial court was without discretion to deny the Blaylocks their trial court costs because they were successful parties in their lawsuit. We reverse the trial court's judgment, render judgment that the Blaylocks are entitled to their trial court costs, and remand the cause to the trial court for entry of a judgment consistent with this opinion.

### Background

The lawsuit underlying this appeal involves a dispute over real property between adjoining landowners, the Blaylocks and appellees Thomas P. Holland and Kimberly Holland (the Hollands). The backyards of the Blaylocks and the Hollands share a common rear property

boundary. *Blaylock v. Holland*, 396 S.W.3d 720, 721 (Tex. App.—Dallas 2013, no pet.). After the Hollands built a chain link fence, the Blaylocks asserted the fence was on the Blaylocks' property and on or within an easement at the rear of the Blaylocks' property. *Id*. at 721–22. The Blaylocks filed suit against the Hollands to quiet title to the disputed property, and the Hollands filed a counterclaim asserting they were entitled to possession and title to the disputed property by adverse possession. *Id*. at 722. The Blaylocks appealed the trial court's judgment awarding the disputed piece of real property, which was originally part of the Blaylocks' lot, to the Hollands by adverse possession. *Id*.

This Court concluded the evidence was legally insufficient to support the trial court's finding that the Hollands acquired the disputed property by adverse possession. *Id*. at 724. We reversed the judgment of the trial court and rendered judgment in favor of the Blaylocks. *Id*. We remanded the cause to the trial court "for entry of judgment consistent with our opinion and for consideration of the Blaylocks' request for attorney's fees" pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 16.034." *Id*. The mandate provides that, in accordance with this Court's opinion, the judgment of the trial court was reversed, judgment was rendered in favor of the Blaylocks, and the cause was remanded to the trial court "for entry of judgment consistent with our opinion and for consideration of [the Blaylocks'] request for attorney's fees."

Following issuance of the mandate in the first appeal, the Blaylocks filed their request for attorney's fees and costs pursuant to section 16.034 of the civil practice and remedies code and costs pursuant to rule 131 of the rules of civil procedure. The trial court conducted a hearing on the Blaylocks' request for attorney's fees and costs and rendered its Amended Final Judgment, denying the Blaylocks' request for attorney's fees pursuant to section 16.034(a)(2) of the civil practice and remedies code and denying the Blaylocks' request for trial court costs. The Amended Final Judgment provides, in pertinent part, that the Blaylocks' request for trial court

costs is denied "because the Court of Appeals' mandate makes no reference to the award of trial court costs."[1] The Blaylocks filed this appeal of the trial court's denial of their request for court costs.[2]

## Discussion

In their first issue, the Blaylocks assert the trial court was "without jurisdiction to go beyond this Court's mandate and deny the Blaylocks their trial court costs on appeal." In their second issue, the Blaylocks contend that "[a]ssuming the trial court had jurisdiction," the trial court did not have discretion to deny the Blaylocks their trial court costs because they were successful parties in their lawsuit.

### Standard of Review

An appellate court reviews a trial court's award of costs for an abuse of discretion. *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 630 (Tex. App.—Dallas 2004, pet. denied). Absent an abuse of discretion, an appellate court will not reverse a trial court's assessment of costs. *Id.* To determine whether a trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles, in other words, whether the act was arbitrary or unreasonable. *See Downer v. Acquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### Analysis

In their first issue, the Blaylocks contend the trial court was without jurisdiction to exceed this Court's prior mandate by denying their trial court costs on remand. Although parties and courts sometimes use the term "jurisdiction" to refer to the trial court's authority on remand,

---

[1] This Court's judgment in the first appeal provides that the Blaylocks recover their costs of that appeal from the Hollands. In its Amended Final Judgment, the trial court ordered that "consistent with the Court of Appeals' mandate," the Blaylocks recover their costs of that appeal.

[2] The Blaylocks do not appeal the trial court's denial of their request for attorney's fees pursuant to section 16.034 of the civil practice and remedies code.

"[i]n doing so . . . they are not referring to the trial court's constitutional or statutory power to conduct the necessary proceedings or to enter a judgment, but are instead referring to the scope of the trial court's authority in exercising that power." *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013) (citation omitted). The "issue is whether [a] trial court exceed[s] its authority in light of [an appellate] mandate, not whether it act[s] without jurisdiction." *Id*. at 243. "The appellate court's mandate and judgment do not limit the trial court's jurisdiction to preside over the case and enter a remand judgment, but instead limit the trial court's authority in exercising that jurisdiction." *Id*. at 234. When an appellate court reverses a lower court's judgment and remands the case to the trial court, as this Court did here, "the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate." *Id*.; *see also Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.— Houston [14th Dist.] 2003, pet. denied) ("Trial courts retain their constitutional jurisdiction to perform duties collateral to and consistent with [appellate] mandates.").

Here, the trial court had jurisdiction to conduct the necessary proceedings on remand and to enter a judgment consistent with this Court's mandate. *See Bramlett*, 407 S.W.3d at 234 (to extent a trial court's judgment exceeds the requirements of appellate judgment and mandate, trial court's judgment will be reversed for error rather than vacated for lack of jurisdiction). Accordingly, we resolve the Blaylocks' first issue against them.

In their second issue, the Blaylocks contend the trial court abused its discretion by failing to award them, as successful parties, their trial court costs. At the trial court, the Blaylocks requested their trial court costs under section 16.034(a)(2) of the civil practice and remedies code[3] and under rule of civil procedure 131. On appeal, however, the Blaylocks argue the trial

---

[3] Section 16.034(a) provides:

court erred by failing to award their trial court costs under rule 131 because they were the successful parties in the lawsuit with the Hollands.

Rule 131 of the rules of civil procedure provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred herein, except where otherwise provided." TEX. R. CIV. P. 131. "Generally, a successful party to a suit is entitled to recover its court costs and fees incurred during the lawsuit." *2920 Park Grove Venture, Ltd. v. LandAmerica Am. Title Co.*, 05-07-00090-CV, 2008 WL 650946, at *1 (Tex. App.—Dallas 2004, no pet.) (mem. op.); *see also Sparks v. Booth*, 232 S.W.3d 853, 872 (Tex. App.—Dallas 2007, no pet.) (taxing costs against successful party generally contravenes rule 131); *City of Houston v. Woods*, 138 S.W.3d 574, 581 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (successful party is "one who obtains judgment of a competent court vindicating a civil right or claim" (quoting *Operation Rescue-Nat'l v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 937 S.W.2d 60, 86 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998)). For costs to be taxed otherwise, the trial court must find good cause and state the reasons on the record. TEX. R. CIV. P. 141; *see also Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376–77 (Tex. 2001); *Sparks*, 232 S.W.3d at 872 ("A trial court's failure to state on the record a finding of good cause to vary from rule 131 constitutes an abuse of discretion.").

The appellate court's mandate is "the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court and directing it to have

In a suit for the possession of real property between a person claiming under record title to the property and one claiming by adverse possession, if the prevailing party recovers possession of the property from a person unlawfully in actual possession, the court:

    (1)  shall award costs and reasonable attorney's fees to the prevailing party if the court finds that the person unlawfully in actual possession made a claim of adverse possession that was groundless and made in bad faith; and

    (2)  may award costs and reasonable attorney's fees to the prevailing party in the absence of a finding described by Subdivision (1).

TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a) (West Supp. 2013). At the hearing on the Blaylocks' request for attorney's fees and trial court costs, the Blaylocks acknowledged they were not asserting that the Hollands' claim of adverse possession of the disputed property was groundless or made in bad faith under section 16.034(a)(1).

its judgment duly recognized, obeyed, and executed." *Lewelling v. Bosworth*, 840 S.W.2d 640, 642 (Tex. App.—Dallas 1992, orig. proceeding). A district court must observe and carry out the mandate of the appellate court, and the district court must observe the judgment as it was framed by the appellate court. *Martin v. Credit Prot. Ass'n, Inc.*, 824 S.W.2d 254, 255–56 (Tex. App.— Dallas 1992, writ dism'd w.o.j.); *see also Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (in interpreting the mandate of an appellate court, lower courts should look not only to the mandate but also to the opinion of the appellate court). When an appellate court renders judgment, the trial court has "no choice but to perform those ancillary acts necessary to implement that judgment and dispose of all matters still pending in the case." *Bayoud v. Bayoud*, 797 S.W.2d 304, 310 (Tex. App.—Dallas 1990, writ denied); *see also Martin*, 824 S.W.2d at 256; *Madeksho*, 112 S.W.3d at 686.

The first appeal in this case resulted in a complete reversal of the trial court's original judgment. *See Blaylock*, 396 S.W.3d at 724 (reversing trial court's judgment in favor of Hollands and rendering judgment in favor of Blaylocks). We remanded the cause to the trial court for entry of judgment consistent with our opinion and for consideration of the Blaylocks' request for attorney's fees pursuant to section 16.034. *Id.*; *see also Bramlett*, 407 S.W.3d at 237 ("By remanding the case to the trial court for entry of a judgment consistent with our opinion, we permitted the trial court to enter a final judgment that reflected this Court's holding and the court of appeals' holding on punitive damages.").

At the hearing on the Blaylocks' request for attorney's fees and trial court costs, the trial court noted this Court's mandate did not specifically mention trial court costs. The trial court interpreted this Court's "silen[ce] as to the issue of trial taxable court costs," as limiting the trial court's authority to award trial court costs. In its Amended Final Judgment, the trial court denied the Blaylocks' request for trial court costs "because the Court of Appeals' mandate makes no

reference to the award of trial court costs." The Blaylocks argued at the hearing on their request for attorney's fees and costs that the cause was remanded to the trial court for entry of judgment consistent with the court of appeals opinion, and the trial court had authority to award them trial court costs as the successful parties under rule 131 of the rules of civil procedure, separate and apart from their request for attorney's fees under section 16.034(a)(1) of the civil practice and remedies code. We agree.

The trial court must observe our judgment and mandate as they are framed. *Martin*, 824 S.W.2d at 255–56. However, the trial court retains its constitutional jurisdiction to perform duties collateral to and consistent with our mandate, *Madeksho*, 112 S.,W.3d at 686, and must perform those ancillary acts necessary to implement our judgment and dispose of all matters still pending in the case. *Bayoud*, 797 S.W.2d at 310. Awarding the Blaylocks their trial court costs is not inconsistent with our prior opinion, judgment, or mandate,[4] and is required by rule 131 unless the trial court states on the record "good cause" for not awarding costs to the prevailing party, which did not occur in this case. As the successful parties, the Blaylocks were entitled to recover their trial court costs from their adversaries, the Hollands. Because the Blaylocks were successful parties in their lawsuit against the Hollands and "good cause" for not awarding costs to them is not stated on the record, the trial court abused its discretion in failing to award them their trial costs pursuant to rule 131 of the rules of civil procedure. We resolve the Blaylocks' second issue in their favor.

---

[4] As noted previously, because we reversed the trial court's judgment and rendered judgment in favor of the Blaylocks, we awarded the Blaylocks their appellate court costs. *See Blaylock*, 396 S.W.3d at 724.

–7–

## Conclusion

We reverse the trial court's judgment. We render judgment that the Blaylocks are entitled to their trial court costs, and we remand the cause to the trial court for entry of a judgment consistent with this opinion.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

131197F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM B. BLAYLOCK AND ELAINE C. BLAYLOCK, Appellants

No. 05-13-01197-CV     V.

THOMAS P. HOLLAND AND KIMBERLY HOLLAND, Appellees

On Appeal from the 193rd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. 09-08910.
Opinion delivered by Justice Fillmore, Justices Evans and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED**. Judgment is **RENDERED** that William B. Blaylock and Elaine C. Blaylock are entitled to their trial court costs. This cause is **REMANDED** to the trial court for entry of a judgment consistent with this opinion.

It is **ORDERED** that appellants William B. Blaylock and Elaine C. Blaylock recover their costs of this appeal from appellees Thomas P. Holland and Kimberly Holland.

Judgment entered this 14th day of July, 2014.

–9–