**Rodolfo and Anna VELA, Appellants,**

v.

**Bradley M. MANNING,
et al., Appellees.**

No. 05–09–00400–CV.

Court of Appeals of Texas,
Dallas.

June 11, 2010.

Rehearing Overruled July 13, 2010.

Frank P. Hernandez, Dallas, TX, for Appellants.

Michael G. Adams, Laura B. Englert, Esq., Galveston, TX, for Appellees.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice RICHTER.

This is an appeal from a summary judgment in favor of appellees. In their sole issue, the Velas contend the trial court abused its discretion by denying their request for a continuance of the summary judgment hearing. After reviewing the record, we conclude the Velas failed to preserve error and affirm the judgment of the trial court.

## BACKGROUND

Rodolfo and Anna Vela commenced this case on November 17, 2006, against Bradley M. Manning, American National Insurance, Co., B. Garrison, and H. Aldriedge (collectively "appellees"). No further action was taken by the Velas until March 2008, when citations were issued. Appellees filed a motion for summary judgment on October 10, 2008, and set it for hearing on January 5, 2009.[1] Velas' counsel filed a motion for continuance on the day the response to the motion for summary judgment was due, December 29, 2008. Counsel attached her own affidavit to the motion for continuance stating that she had a conflict[2] and was unavailable to appear, and that an impairment was affecting her ability to read. The record does not indicate that the motion for continuance was set for hearing. Nor does the record indicate that a request for an extension of time to file a response to the motion for summary judgment was ever filed.

## DISCUSSION

In their sole issue on appeal, the Velas argue the trial court abused its discretion in denying their request for a continuance of the summary judgment hearing. However, in order to preserve error for appellate review, the record must show (1) the complaint was presented to the trial court, and (2) the trial court ruled on the request, objection or motion, or (3) the trial court refused to rule on the request, objection, or motion, and the complaining party objected to the refusal to rule. TEX.R.APP. P. 33.1(a). In this case, the record does not show that the motion for continuance was

---

1. The motion for summary judgment was filed by defendants American Nat'l Ins. Co., Manning, and Garrison. On December 24, 2008, defendant Aldriedge joined in that motion.

2. The body of the motion indicated that the conflict was with special exceptions filed by

the defendants and a motion to compel filed by American Nat'l Ins. Co. Neither of those motions were scheduled for January 5, 2009, and instead had previously been heard and ruled upon.

set for hearing, or that the trial court ruled on the motion, or that the Velas objected to the trial court's failure to rule. Therefore, the Velas have failed to preserve error on this issue. *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224–225 (Tex.App.-Dallas 2008, pet. struck.) (appellant failed to obtain ruling on motion for continuance and therefore failed to preserve error); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.-Dallas 2004, pet. denied) (same). Because the Velas failed to preserve error, we overrule their sole issue. The judgment of the trial court is affirmed.