# NO. 12-18-00123-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 321ST* |
| *A.E. AND G.R.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant R.R., acting pro se, filed an interlocutory appeal of the trial court's denial of his Amended Motion to Dismiss. We affirm.

### BACKGROUND

R.R. and M.E.[1] are the parents of G.R. On January 9, 2017, the Department of Family and Protective Services (the "Department") filed an original petition for protection of A.E.[2] and G.R., for conservatorship, and for termination of R.R.'s and M.E.'s parental rights. After the adversary hearing, the trial court appointed the Department as temporary managing conservator of the child. Both parents were appointed possessory conservators and granted supervised visitation.

Pursuant to the trial court's order, the parties attended mediation, which took place on December 28, 2017, resulting in an agreement being reached on all disputed issues. A mediation settlement agreement ("MSA") was signed by R.R., M.E., M.E.'s counsel, and the attorney ad litem for the children. The MSA was filed with the trial court on December 29, 2017, and contained the parties' agreements as to the service plans to be completed by both parents. Further, the parties agreed that if R.R. and M.E. completed their service plans without any "material

---

[1] M.E. is not a party to this proceeding.

[2] A.E. is the child of M.E. and A.A., and is not a subject of this proceeding.

violations," the Department would dismiss its claims against them and the children would be returned to them. However, if R.R. and M.E. "materially" violated the terms of their service plans, then the Department would appoint non-parents (M.E.'s son and daughter-in-law) that G.R. was currently placed with as joint managing conservators of the child and the parents as possessory conservators. Further, the MSA stated in boldfaced type capital letters that "THIS AGREEMENT IS NOT SUBJECT TO REVOCATION."

On March 20, 2018, R.R. filed an amended motion to dismiss the case pursuant to the Texas Citizen's Participation Act. After a hearing, the trial court denied R.R.'s amended motion to dismiss. Then, the trial court held a hearing on the Department's motion to enforce the MSA. At the hearing, R.R. informed the trial court that he was withdrawing consent to the MSA. After the hearing, the trial court signed the final order in suit affecting the parent-child relationship on July 12, 2018. The final order found that R.R. and M.E. violated the terms of the MSA and that the trial court "should issue [the final order] pursuant to the [MSA] filed with the Court." The trial court ordered that the non-parents be appointed joint managing conservators of G.R., that R.R. and M.E. be appointed possessory conservators, that the parents be ordered to pay child support, and that the parents be granted supervised visitation with the child. This appeal followed.

## MEDIATED SETTLEMENT AGREEMENT

The Department argues that R.R.'s agreement to the MSA and his failure to assert any challenges to its entry waived any alleged complaints against the trial court or the Department. In his reply brief, R.R. argues that the trial court erred because the terms of the MSA did not require him to waive confidentiality in order to submit to a psychological evaluation.

### Applicable Law

A mediated settlement agreement is binding on the parties if the agreement:

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*See* TEX. FAM. CODE ANN. § 153.0071(d) (West Supp. 2018). If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement

2

agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law. *See id.* § 153.0071(e). A final judgment rendered pursuant to a mediated settlement agreement must be in strict or literal compliance with that agreement. *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976). The trial court has no power to supply terms, provisions, or conditions not previously agreed to by the parties. *Keim v. Anderson*, 943 S.W.2d 938, 946 (Tex. App.—El Paso 1997, no writ). Modifications to settlement agreements are typically grounds for reversal, however, only where they add terms, significantly alter the original terms, or undermine the intent of the parties. *Beyers v. Roberts*, 199 S.W.3d 354, 362 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Nonetheless, in rendering judgment on an MSA, trial courts may include terms necessary to effectuate and implement the parties' agreement, so long as they do not substantively alter it. *In re Lee*, 411 S.W.3d 445, 458 n.17 (Tex. 2013).

**Analysis**

In his reply brief, R.R. complains that the MSA does not contain any agreement to waive his mental health information privilege, that the Department violated the terms of the MSA by adding terms or conditions to the agreement, and that the Department failed to resolve the dispute between the parties by a conference with the mediator. Rule 38.3 restricts a reply brief to addressing matters raised in the appellee's brief. *See* TEX. R. APP. P. 38.3; *In re M.D.G.*, 527 S.W.3d 299, 302 (Tex. App.—El Paso 2017, no pet.). In other words, Rule 38.3 does not allow an appellant to raise a new issue in a reply brief in response to a matter pointed out in the appellee's brief. *See* TEX. R. APP. P. 38.1(f) (requiring appellant's brief to state "all issues or points presented for review"), 38.3; *Marsh v. Livingston*, No. 14-09-00011-CV, 2010 WL 1609215, at *4 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, pet. denied) (mem. op.).; *Priddy v. Rawson*, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Bankhead v. Maddox*, 135 S.W.3d 162, 164-65 (Tex. App.—Tyler 2004, no pet.); *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied). In its appellee's brief, the Department argued that R.R. does not challenge the MSA or the trial court's entry of judgment based on the MSA. The Department pointing out the lack of R.R.'s argument, however, "does not ... entitle [R.R.] to assert that argument for the first time in [his] reply brief." *Marsh*, 2010 WL 1609215, at *4 (citing *Howell v. Tex. Workers' Comp. Comm'n,* 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied); and *Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)). Therefore, we may only consider the Department's argument regarding the MSA.

Here, the MSA is signed by both parents, M.E.'s counsel, the Department, the attorney ad litem for the child, and CASA. Further, the MSA states, in bold, capital letters, that it is not subject to revocation. Thus, it satisfies the requirements of Section 153.0071(d) and the Department is entitled to judgment on the MSA. *See* TEX. FAM. CODE ANN. § 153.0071(e). Nonetheless, a trial court is not required to enforce an MSA that is illegal in nature, procured by fraud, duress, coercion, or other dishonest means, or void against public policy. ***In re Hanson***, No. 12-14-00015-CV, 2015 WL 898731, at \*2 (Tex. App.—Tyler Feb. 27, 2015, orig. proceeding) (mem. op.); *see **In Interest of C.C.E.***, 530 S.W.3d 314, 320 (Tex. App.—Houston [14th Dist.] 2017, no pet.). However, R.R. did not complain that the MSA was illegal in nature, procured by fraud, duress, coercion, or other dishonest means, or void against public policy. Because the MSA met the statutory requirements, the Department was entitled to judgment on the MSA notwithstanding another rule of law, and the trial court had no discretion but to enter judgment on the MSA. *See* TEX. FAM. CODE ANN. § 153.0071(d)-(e); ***In re Lee***, 411 S.W.3d at 453-58.

We note that R.R. did not argue in his initial brief that the MSA was ambiguous or that the trial court should not have granted the Department's motion to enter judgment on the MSA. Therefore, he waived any complaints about the MSA or the judgment entered based on the MSA. We overrule all of R.R.'s complaints in his reply brief regarding the MSA.

## TESTIFYING EXPERT

In his first issue, R.R. argues that the trial court erred by bringing its own witness in order to testify regarding his, R.R.'s, alleged drug use. In this case, the trial court held an "order to participate hearing" in November 2016, regarding the parents before the suit for termination was filed by the Department. The trial court telephoned an expert with knowledge of hair follicle drug tests and exposure to methamphetamine, an issue in R.R.'s case. R.R. did not object and questioned the expert on his opinions regarding the hair follicle tests. As a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); ***K.M. v. Tex. Dep't of Family & Protective Servs.***, 388 S.W.3d 396, 405 (Tex. App.–El Paso 2012, no pet.). Because

4

R.R. did not complain or object to the trial court's witness, he waived his first issue regarding the expert witness.

However, R.R. states that because *Williams v. Pennsylvania*, __U.S.__, 136 S. Ct. 1899, 195 L. Ed. 2d 132 (2016), mandates that the trial court's "significant, personal involvement in a critical trial decision, [the trial court's] failure to recuse . . . presented an unconstitutional risk of bias." *See id.* at 1902. In that case, the then-district attorney approved the prosecutor's request to seek the death penalty against the defendant. *Id.* at 1903. The jury subsequently sentenced the defendant to death. *Id.* at 1904. Over twenty-six years, the defendant's conviction and sentence were upheld on direct appeal, state postconviction review, and federal habeas review. *Id.* After an evidentiary hearing based on Pennsylvania's Post Conviction Relief Act (PCRA), the PCRA court found that the trial prosecutor suppressed material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and engaged in "prosecutorial gamesmanship." *Id.* The court stayed the defendant's execution and ordered a new sentencing hearing. *Id.* The Commonwealth asked the Pennsylvania Supreme Court, whose chief justice was the former district attorney, to vacate the stay of execution. *Id.* The defendant filed a response, asking the chief justice to recuse himself, or if he declined to do so, to refer the recusal motion to the full court for decision. *Id.* Without explanation, the chief justice denied the motion for recusal and the request for its referral. *Id.* The state supreme court then vacated the PCRA court's order granting penalty-phase relief and reinstated the defendant's death sentence. *Id.* at 1904-05. Two weeks later, the chief justice retired from the bench. *Id.* at 1905.

The Supreme Court held that under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case. *Id.* Further, the Court concluded that the chief justice's authorization to seek the death penalty against the defendant amounted to a significant, personal involvement in a critical trial decision. *Id.* at 1907. Accordingly, the Court remanded the case for proceedings in which the defendant "may present his case with assurance" that no member of the court is "predisposed to find against him." *Id.* at 1910 (citing *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980)).

Here, there is no similarity between *Williams* and this case. Before the termination suit was filed, the trial court attempted to determine if R.R. had been using illegal drugs and whether mere exposure to methamphetamines could cause a positive hair follicle test. In that capacity, the

expert answered the trial court's and R.R.'s questions regarding exposure and consumption of methamphetamine and hair follicle tests. The trial court requested that R.R. submit to another drug test, that his "level of care" be reviewed, and to return to the court in thirty days. From this record, we conclude that the trial court did not have significant, personal involvement in a critical trial decision as determined in *Williams*. *See id.* at 1907. Thus, *Williams* is not dispositive. We overrule R.R.'s first issue.

## TEXAS CITIZENS PARTICIPATION ACT

In his second and third issues, R.R. complains that he is immune from suit for reporting suspected child sexual abuse, and that the trial court and the Department are prohibited from punishing him for engaging in protected speech. In his brief, he argues that he is appealing an order denying his amended motion to dismiss filed in accordance with the Texas Citizens Participation Act (TCPA). The Department argues that the TCPA does not provide an "immunity" for engaging in retaliatory and false allegations of child sexual abuse, and that R.R. was not "punished" for writing a letter to the Department.

The purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015). Although we construe the TCPA liberally "to effectuate its purpose and intent fully," it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* § 27.011 (West 2015). The TCPA provides a mechanism for early dismissal of a cause of action that "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association ...." *Id.* § 27.003 (West 2015). However, a TCPA motion must be filed "not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b) (West 2015).

Here, the date of service of the relevant legal action, the original petition for protection of the child, for conservatorship, and for termination of R.R.'s parental rights, was January 12, 2017. Accordingly, R.R. had sixty days from January 12, 2017, to file a TCPA motion. *See id.* In his amended motion to dismiss, R.R. pointed out that he timely filed a motion to dismiss on March 3, 2017, pursuant to the TCPA. However, that motion, entitled "Objection to Phase Plan and Motion

6

to Dismiss CPS' Suit," stated that the Department's suit was brought in violation of state law and that he was immune from the Department's retaliatory suit as a result of reporting child sexual abuse. His allegation was comprised of two sentences and did not mention the TCPA, any statute pertaining to the TCPA, or contain any argument regarding the TCPA. The remainder of R.R.'s motion involved his objection to having "religion" imposed on him by the Department. Because R.R.'s motion did not mention, refer to, or present any argument regarding the TCPA, it is not a timely filed TCPA motion. *See id.* There is no other motion in the record, or referred to in R.R.'s amended motion to dismiss, that would qualify as a TCPA motion. Therefore, the trial court did not err in denying R.R.'s amended motion to dismiss pursuant to the TCPA.[3] We overrule R.R.'s second and third issues.

## DEPARTMENT POLICY

In his fourth issue, R.R. argues that state law prohibits the trial court from making and enforcing Department policy. However, this argument is inadequately briefed. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.–Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); *Med. Specialist Grp., P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.–Corpus Christi 2005, pet. denied) (same); *see also Fredonia State Bank v. Gen. Am. Life*

---

[3] Even if we were to liberally construe R.R.'s motion to dismiss filed on March 3, 2017, as a TCPA motion, his argument would still fail. The record contains no demand from R.R. for a hearing under Section 27.003 of the TCPA as required by Section 27.004(a). *See id.* § 27.003, 27.004(a) (West 2015). According to the statute, that hearing must not be set later than the "60th day after the date of service of the motion." *Id.* § 27.004(a). The record does not contain any document purporting to set a hearing under the TCPA. Further, the court must rule on a motion under Section 27.003 "not later than the 30th day following the date of the hearing on the motion." *Id.* § 27.005(a) (West 2015). The record does not contain a ruling on the motion to dismiss under the TCPA. If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal. *Id.* § 27.008(a) (West 2015). Because there was no ruling by the trial court on R.R.'s motion to dismiss, we consider that, if it was a motion under the TCPA, it was overruled by operation of law. However, R.R. did not appeal from any overruling by operation of law as allowed under section 27.008(a). *Id.* § 27.008(a). Because R.R.'s amended motion to dismiss was filed outside the time limits allowed by Section 27.003 and after the MSA had been filed, we consider his amended motion to dismiss as moot.

***Ins. Co.***, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing). References to sweeping statements of general law are rarely appropriate. ***Bolling v. Farmers Branch Ind. Sch. Dist.***, 315 S.W.3d 893, 896 (Tex. App.–Dallas 2010, no pet.). Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. ***San Saba Energy, L.P. v. Crawford***, 171 S.W.3d 323, 338 (Tex. App.–Houston [14th Dist.] 2005, no pet.). An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. ***Valadez v. Avitia***, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. ***Id.***

Here, R.R. presents a brief conclusory argument for the proposition that the trial court was prohibited from implementing policy for the Department and that the trial court implemented "phase plans" that he contends did not appear in the Department's handbooks. He refers to senate bills, administrative law, and the government code, but does not explain how those codes prevent the trial court from implementing Department policy. R.R. does not provide any citations to the record, any substantive legal analysis, or any citations to authority in support of his complaint. *See* ***Amir-Sharif v. Mason***, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (pro se litigant held to same standards as licensed attorney and must comply with applicable laws and procedural rules); *see also* ***Sweed v. City of El Paso***, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.) (stating that "merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38). In the absence of any legal analysis, citations to the record, and citations to appropriate authorities, R.R. presents nothing for our review. *See* ***WorldPeace***, 183 S.W.3d at 460; ***Med. Specialist Grp.***, 171 S.W.3d at 732. Accordingly, we overrule R.R.'s fourth issue.

## ESTABLISHMENT CLAUSE

In his fifth issue, R.R. complains that the trial court and the Department violated federal law by ordering R.R. to participate in a religious program, specifically CoDa. In his objection to the phase plan and motion to dismiss filed with the trial court, R.R. objected to the service phase plan and its requirement that he attend and participate in CoDa. As previously stated, as a predicate

to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2); *K.M*, 388 S.W.3d at 405. Although R.R. requested that the trial court dismiss the suit, the record does not indicate that he requested a ruling on his objection to the phase plan and contains no order by the trial court refusing to rule or denying his objections to attending and participating in CoDa. *See Vela v. Manning*, 314 S.W.3d 693, 694 (Tex. App.—Dallas 2010, pet. denied). Consequently, he waived his fifth issue on this basis. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2). Accordingly, we overrule R.R.'s fifth issue.

## DISPOSITION

Having overruled R.R.'s first, second, third, fourth, and fifth issues, we ***affirm*** the judgment of the trial court.

**GREG NEELEY**
Justice

Opinion delivered March 29, 2019.
*Panel consisted of Hoyle, J., and Neeley, J.,*
*Worthen. C.J., not participating.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00123-CV**

**IN THE INTEREST OF A.E. AND G.R., CHILDREN**

Appeal from the 321st District Court
of Smith County, Texas (Tr.Ct.No. 16-1040-D)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Hoyle, J., and Neeley, J.,*
*Worthen, C.J., not participating.*