Opinion issued April 2, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00632-CV

———————————

**CLIFF SANTELLANA AND GULF-TEX ROOFING & SERVICES, LLC D/B/A GULF-TEX ROOFING & SERVICES, Appellants**

**V.**

**CENTIMARK CORPORATION, Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-10648**

---

### MEMORANDUM OPINION

This is an appeal from the trial court's denial of a motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). In three issues, appellants Cliff Santellana (Santellana) and Gulf-Tex Roofing & Services, LLC d/b/a Gulf-Tex Roofing & Services (Gulf-Tex) argue that the trial court erred by denying their

motion to dismiss appellee CentiMark Corporation's (CentiMark) claims against them because: (1) the underlying employment contract contains a "mandatory forum/venue/law selection clause," (2) Santellana and Gulf-Tex met their initial burden to prove that the TCPA applied to CentiMark's causes of action, and (3) CentiMark did not meet its burden to bring forth clear and specific evidence establishing a prima facie case for each element of its claims.

We dismiss Santellana's and Gulf-Tex's forum and venue challenges for want of jurisdiction and affirm the trial court's order denying the motion to dismiss.

**Background**

Santellana served as CentiMark's Director of Sales/Services from approximately June 2012 to October 2016. As a condition of his employment by CentiMark, Santellana executed an employment agreement in which he agreed, among other things, "to hold and safeguard all of CentiMark's Confidential Information in trust and confidence for CentiMark" and not "misappropriate, disclose, or use or make available to any person or any entity for use" CentiMark's confidential information. Paragraph 4.05 of the Employment Agreement also prohibited Santellana from, directly or indirectly, soliciting the trade of, trading with, contacting for business purposes, or accepting business from any customer or prospective customer of CentiMark, other than for the benefit of CentiMark. The Employment Agreement also contains a choice of law provision and provides that

2

jurisdiction and venue of "any action or proceeding arising out of, or relating to, this Agreement (whether such action arises under contract, tort, equity or otherwise) . . . shall be exclusively vested in the United States District Court for the Western District of Pennsylvania or the Court of Common Pleas of Allegheny County, Pennsylvania."

Santellana resigned as CentiMark's Director of Sales/Services in September 2016 (effective October 2016). Less than three months later, Santellana and Alan Mann incorporated Gulf-Tex, a commercial roofing services provider that directly competes with CentiMark. Santellana is Gulf-Tex's managing partner. Santellana and Gulf-Tex solicited roofing business from and submitted proposals/bids/quotes to some of CentiMark's customers. They also accepted business from at least two of these customers.

CentiMark subsequently sued Santellana and Gulf-Tex for misappropriation of trade secrets, tortious interference, unfair competition, conversion, and conspiracy and it asserted a separate claim against Santellana for breach of the Employment Agreement.

Santellana and Gulf-Tex filed a timely motion to dismiss pursuant to the TCPA. CentiMark responded and argued that Santellana and Gulf-Tex failed to prove that CentiMark's claims were "based on, relate[] to, or [were] in response to" Santellana's and Gulf-Tex's exercise of the rights of free speech or association, and

that even if they had met their burden, Santellana and Gulf-Tex could not prevail on their motion because CentiMark made a prima facie case for each essential element of its claims. CentiMark further contended that Santellana and Gulf-Tex could not prevail on their motion for another reason—the TCPA did not apply to CentiMark's claims based on the statute's commercial speech exemption.

After a hearing, the trial court denied the motion to dismiss without stating the basis for its ruling.

### Forum Selection and Venue

In their first issue, Santellana and Gulf-Tex argue that "[h]ad the contractual language regarding forum/venue/[choice of] law selection been honored by the trial court this case should have been dismissed for that reason alone."

Neither the denial of a motion to transfer venue nor the denial of a motion to dismiss based on a forum-selection clause, standing alone, is reviewable by interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding) ("Once a trial court has ruled on proper venue, that decision cannot be the subject of interlocutory appeal."). Although we have jurisdiction over interlocutory appeals from the denial of a motion to dismiss under the TCPA, and Santellana and Gulf-Tex included forum and venue arguments in their motion to dismiss, Santellana's and Gulf-Tex's improper forum and venue arguments are separate and independent

4

grounds for dismissal or transfer, respectively. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (permitting interlocutory appeal from denial of motion to dismiss filed pursuant to TCPA).

We further note that even if we had jurisdiction over Santellana's and Gulf-Tex's forum and venue issues, the record does not reflect that either party obtained a ruling on any such motions or objected to the trial court's failure to rule. Therefore, Santellana and Gulf-Tex have failed to preserve error on this issue. *Vela v. Manning*, 314 S.W.3d 693, 693–94 (Tex. App.—Dallas 2010, pet. denied). Furthermore, both parties waived their objections to improper venue by failing to file a timely motion to transfer venue. TEX. R. CIV. P. 86(1) ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a.").

Accordingly, we dismiss Santellana's and Gulf-Tex's forum and venue challenges for want of jurisdiction.[1]

### Texas Citizens Participation Act

In their second and third issues, Santellana and Gulf-Tex argue that the trial court erred by denying their motion to dismiss under the TCPA because they met

---

[1] Santellana's and Gulf-Tex's choice-of-law argument is intertwined with their TCPA motion and, therefore, we will address their choice-of-law argument as part of our analysis of their second and third issues, to the extent it is necessary for us to do so.

5

their initial burden to prove that CentiMark's claims were "based on, relate[] to, or [are] in response to" Santellana's and Gulf-Tex's exercise of the rights of free speech and association, and CentiMark did not meet its burden to bring forth clear and specific evidence establishing a prima facie case for each element of its claims.

## A.    The TCPA

Chapter 27 of the Texas Civil Practice & Remedies Code, also known as the Texas Citizens Participation Act, is an anti-SLAPP statute.[2] *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011; *Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App. — Austin 2015, no pet.). The purpose of the TCPA, as stated by the Legislature, "is to 'encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.'" *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002).

The TCPA's primary vehicle for accomplishing its stated purpose is a motion-to-dismiss procedure that allows defendants who claim that a plaintiff has filed a meritless suit in response to the defendant's proper exercise of a

---

[2]    "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App.—Austin 2015, no pet.).

constitutionally protected right to seek dismissal of the underlying action, attorney's fees, and sanctions at an early stage in the litigation. *See generally* TEX. CIV. PRAC. & REM. CODE § 27.003(a); *see also Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

A defendant invoking the TCPA's protections by filing a motion to dismiss must show first, by a preponderance of the evidence, that the plaintiff's "legal action" is "based on, relates to, or is in response to" the defendant's exercise of "the right of free speech, right to petition, or right of association." *In re Lipsky*, 460 S.W.3d 579, 586–87 (Tex. 2015) (quoting TEX. CIV. PRAC. & REM. CODE § 27.005). If the defendant makes the initial showing, the burden shifts to the plaintiff to "'establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Lipsky*, 460 S.W.3d at 587 (quoting TEX. CIV. PRAC. & REM. CODE § 27.005(c)). If the defendant's constitutional rights are implicated and the plaintiff has not met the required showing of a prima facie case, the trial court must dismiss the plaintiff's claim. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b) & (c). A plaintiff can avoid the act's burden-shifting requirements, however, by showing that one of the TCPA's exemptions applies. *See id.* § 27.010.

**B.** **Commercial Speech Exemption**

CentiMark argues that the trial court did not err by denying Santellana's and Gulf-Tex's motion to dismiss because section 27.010(b) exempts all of CentiMark's claims from coverage by the TCPA.

Section 27.010(b), which is commonly referred to as the commercial speech exemption, states that the TCPA does not apply:

> to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

TEX. CIV. PRAC. & REM. CODE § 27.010(b). In its order, the trial court did not specify the ground on which it relied to deny the motion. Thus, we do not know whether the trial court based its ruling on the commercial-speech exemption.

To succeed on appeal, an appellant must attack all independent grounds that support an adverse ruling. *See Gaskamp v. WSP USA, Inc.*, ___ S.W.3d ___, No. 01-18-00079-CV, 2018 WL 6695810, at *8–9 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018, no pet. h.) (affirming denial of TCPA motion to dismiss because appellant did not challenge independent ground for ruling—commercial speech exemption); *see generally Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (applying rule in appeal of plea to the jurisdiction). If the appellant does not do so, the appellate court must "accept the

validity of that unchallenged independent ground" and affirm the challenged ruling. *Gaskamp*, 2018 WL 6695810, at *8 (quoting *Britton*, 95 S.W.3d at 681–82).

This court recently held in *Gaskamp* that the commercial speech exemption is an independent ground that can fully support a trial court's denial of a motion to dismiss filed pursuant to the TCPA. *See Gaskamp*, 2018 WL 6695810, at *8 (citing TEX. CIV. PRAC. & REM. CODE § 27.010(b)). We further held that the appellant in that case waived any challenge to the applicability of the commercial speech exemption because it did not address the exemption until its reply brief, and we affirmed the trial court's denial of the motion to dismiss on that unchallenged ground. *See id.* at *8–9.

As in *Gaskamp*, Santellana and Gulf-Tex did not present an issue, or otherwise address, the commercial-speech exemption in their opening appellants' brief. After CentiMark discussed the exemption in its brief, Santellana and Gulf-Tex indirectly addressed the exemption in their reply brief by arguing that the TCPA had been found to apply in a "commercial" context.[3]

---

[3]    Notably, the only case Santellana and Gulf-Tex cite for this general proposition is *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191 (Tex. App.—Austin 2017, pet. dism'd). *Elite Auto Body* is distinguishable, however, because the movant waived the "commercial speech" exemption argument by failing to raise it first in the trial court. *See id.* at 206 n.75 (noting in dicta that even if exemption had not been waived, it was inapplicable because intended audience of statement or conduct at issue was not "an actual or potential buyer or customer").

Consistent with *Gaskamp*, we hold that Santellana's and Gulf-Tex's belated attempt to address the commercial speech exemption is insufficient to preserve a challenge to the exemption, which is an independent ground that supports the trial court's order denying the motion to dismiss. *See Gaskamp*, 2018 WL 6695810, at *8–9; *see also Wright v. City of Hous.*, No. 01-10-00941-CV, 2011 WL 5100905, at *2 (Tex. App.—Houston [1st Dist.] Oct. 27, 2011, no pet.) (mem. op.).

We overrule Santellana's and Gulf-Tex's second and third issues.

**Conclusion**

We affirm the trial court's order denying Santellana's and Gulf-Tex's motion to dismiss and we dismiss their forum and venue challenges for want of jurisdiction.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.