**Affirmed and Opinion Filed July 7, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00702-CV

### CONNIE LEE GELDREICH, Appellant
### V.
### RICHARD GELDREICH, JR., Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-15329**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Connie Lee Geldreich appeals the trial court's orders granting appellee Richard Geldreich, Jr.'s motion for summary judgment and denying a plea in abatement. In two issues, Connie contends the trial court abused its discretion by (1) failing "to grant a reasonable request for continuance" of the summary judgment response date and hearing, and (2) denying her plea in abatement sought based on a pending proceeding in Washington state. We conclude Connie failed to preserve error concerning her motion for continuance, and the order denying the plea in abatement is now moot. Accordingly, we affirm the trial court's final judgment and dismiss appellant's complaint regarding the abatement ruling as moot.

# BACKGROUND

Richard is an author and creator of game and open-source software[1]. He married Connie on August 5, 2004, in Plano, Texas. During the marriage, Richard and Connie formed and jointly owned Tenacious Software LLC, a Texas Limited Liability Company. Tenacious was formed for the purpose of developing and marketing proprietary software that was not open-source. Richard uploaded and licensed two open-source software products during Tenacious's existence, Crunch and LZHAM. Connie believed Tenacious would use these products as a marketing tool or "sample product" to obtain work to develop commercial software products. Tenacious never completed any proprietary, non-open-source software before it went out of business and forfeited its corporate charter on February 20, 2015.

At that time, the couple was living in Washington state. They separated there on February 15, 2016. The Thurston County Superior Court of Washington entered a Final Divorce Decree and "Findings and Conclusions About a Marriage" on January 29, 2019. That court found that the marital community ended on February 15, 2016, and Richard and Connie "stopped acquiring community property and incurring community debt on this date." Connie was also awarded "60% ownership

---

[1] Richard explained below that open-source software is software that is uploaded to the internet and licensed for free use by the public. The term "open-source" as related to software is defined as "having the source code freely available for possible modification and redistribution." *Open-source*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/open-source (last visited June 23, 2022); *Open-source*, DICTIONARY.COM, https://www.dictionary.com/browse/open-source (last visited June 23, 2022) ("*Computers*. pertaining to or denoting software whose source code is available free of charge to the public to use, copy, modify, sublicense, or distribute.").

of Tenacious Software, Crunch, LZHAM, and all associated intellectual property, patents, accounts, and derivations of said software/licenses."

After the separation, Richard became a joint owner of a new consulting company called Binomial LLC, which was formed by Stephanie Hurlburt on May 3, 2016. Binomial, through Richard and Hurlburt, provides consulting services and support of open-source software. Richard maintains that all of his work at Binomial occurred after he and Connie separated. In 2019, Richard wrote, uploaded, and licensed an open-source data compression software product called Basis Universal.

On July 18, 2019, Connie sued Richard, Hurlburt, and Binomial in the King County Superior Court of the State of Washington (the Washington proceeding). Connie asserted that Binomial's Basis Universal software "originated with" Tenacious and its Crunch software. Connie accused Richard, Hurlburt, and Binomial of fraudulently conveying and converting Tenacious's intellectual property. As a 60% owner of Tenacious and its software and intellectual property, Connie claimed an ownership interest in Binomial and Basic Universal because of the purported wrongdoing of Richard, Hurlburt, and Binomial. She sought an accounting and dissolution of Binomial, the creation of a receivership, and a judgment for damages and distribution of the value of her purported intellectual property interest in Binomial.

On August 30, 2019, Richard's counsel in Washington filed a notice of appearance in the Washington proceeding. On September 19, 2019, Richard filed

–3–

the underlying Texas proceeding seeking a declaration that Connie has no rights to any of the open-source software or to Binomial. Connie answered the Texas lawsuit and included a plea in abatement with her general denial. In the plea in abatement, Connie asserted that the Washington court had dominant jurisdiction because that proceeding was between the same parties and involved the same claims as the Texas proceeding. She asked the trial court to stay the Texas proceeding "until the Washington lawsuit has been concluded or until further orders of the Court, . . ." The trial court denied Connie's plea in abatement on December 19, 2019.

On May 28, 2020, Richard filed and served his "Traditional Motion for Summary Judgment." On May 29, 2020, Richard filed and served a "Notice of Submission Date" advising Connie that the motion would be heard by submission on June 25, 2020. Connie did not file a response to the summary judgment motion. On the submission date of June 25, 2020, Richard filed and served a letter to the court confirming that no response had been filed to the motion for summary judgment and tendered a proposed order.

Four days later, on June 29, 2020, Connie filed a motion for continuance of the hearing on the summary judgment motion. In the continuance motion, Connie acknowledged that her counsel received the motion for summary judgment on May 29, 2020, through the court's ECF filing system. Connie further acknowledged that the Notice of Submission Date was filed through the court's electronic filing system but her counsel "did not notice it nor was it brought to his attention until the day of

–4–

submission, June 25, 2020." Connie prayed for a continuance of the hearing in order to take Richard's deposition pursuant to Rule 166a(g).

The trial court signed a final judgment granting Richard's motion for summary judgment on June 29, 2020. The record does not indicate whether the trial court signed the final judgment before or after Connie filed her motion for continuance. Richard responded to the motion for continuance, but Connie did not set the motion for hearing or submission and did not obtain a ruling on the motion. Nor did she file a motion for reconsideration of the summary judgment order or similar motion seeking an order vacating the trial court's final judgment. Connie filed a notice of appeal seeking review of the order denying the plea in abatement and the final judgment.

## ANALYSIS

Connie brings two issues on appeal. We will address each in turn.

### I. Motion for Continuance

In her first issue, Connie contends the trial court abused its discretion by failing "to grant a reasonable request for continuance." In order to preserve error for appellate review, the record must show (1) the complaint was timely presented to the trial court, and (2) the trial court either (a) ruled on the request, objection or motion, or (b) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal to rule. TEX. R. APP. P. 33.1(a). Connie has not met these requirements.

–5–

First, we must determine if the motion for continuance was timely filed. To do so, we must determine when Connie received notice of the submission date. Connie insists her counsel "never received notice of the 'submission'" and by filing the motion for continuance "immediately brought her objection and request for an extension to the attention" of the trial court. The record does not support these assertions.

It is undisputed that Richard served Connie through counsel with the summary judgment motion on May 28, 2020, and her counsel received the motion the same day. The record further shows Richard filed his Notice of Submission Date on May 29, 2020. This notice states that the motion for summary judgment "will be presented to the Court for consideration by submission in lieu of a live hearing **on June 25, 2020.**" (emphasis in original). The certificate of service states that it was delivered to Connie's counsel of record via the court's ECF system on May 29, 2020. This is prima facie evidence Connie was served with the notice of submission in lieu of a live hearing on May 29, 2020. *See* TEX. R. CIV. P. 21a(e).

Although Rule 21a(e) permits a party to offer proof that a document was not received, Connie offered no such proof and does not dispute receiving the notice on May 29, 2020. Instead, her counsel represents that he "did not notice it" and it was not "brought to his attention" until the submission date. Counsel's allegations, however, do not support Connie's contentions on appeal that she did not receive notice of the submission date and, as such, timely filed her motion for continuance.

–6–

Electronic service is "complete on transmission of the document to the serving party's electronic filing service provider." TEX. R. CIV. P. 21a(b)(3). "The rule does not contemplate that electronic service is somehow incomplete when a party experiences computer or email issues." *Abuzaid v. Anani, LLC*, No. 05-16-00667-CV, 2017 WL 5590194, at *4 (Tex. App.—Dallas Nov. 21, 2017, no pet.) (mem. op.). "Rather, notice properly sent pursuant to rule 21a raises a presumption that notice was received." *Id.* (citing *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)); *Brandon v. Rudisel*, 586 S.W.3d 94, 102 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (same).

The record establishes that Connie received the notice of submission date on May 29, 2020, more than twenty-one days before June 25, 2020. Yet, Connie's counsel waited four days after the submission date to file the motion for continuance. That motion was untimely. *See Southside Partners v. Collazo Enters., LLC*, No. 11-16-00346-CV, 2018 WL 6729732, at *7 (Tex. App.—Eastland Dec. 21, 2018, no pet.) (mem. op.) (motion for continuance untimely when filed after the summary judgment hearing and after the trial court ruled). Connie, therefore, failed to meet the first requirement to preserve error on this issue.

Further, Connie has not established the remaining preservation requirements. The record does not show that the motion for continuance was set for hearing, that the trial court ruled on the motion, or that Connie objected to the trial court's failure to rule. Connie, therefore, failed to preserve error on this issue. *Vela v. Manning*,

314 S.W.3d 693, 694 (Tex. App.—Dallas 2010, pet. denied) (error not preserved because the record did not show that the motion for continuance was set for hearing, that the trial court ruled on the motion, or that the movant objected to the trial court's failure to rule); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224–225 (Tex. App.—Dallas 2008, pet. struck.) (appellant failed to obtain ruling on motion for continuance and therefore failed to preserve error); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) (same). Because Connie failed to preserve error, we overrule her first issue.

## II.     Denial of Plea in Abatement

In her second issue, Connie complains the trial court abused its discretion by denying her plea in abatement. Richard maintains this issue is moot because the Washington proceeding has been dismissed. We agree with Richard.

Connie included a plea in abatement in her original answer. She asked the trial court to stay the proceedings "until the Washington lawsuit has been concluded or until further orders of the Court" because that proceeding was between the same parties and involved the same claims as the Texas proceeding:

> The nature of the claims asserted in the Washington lawsuit are the same as the claims asserted and relief requested in this proceeding. Both lawsuits involve ownership claims in Tenacious Software, LLC and Binomial, LLC, a Washington limited liability corporation.

> The Superior Court in Washington acquired dominant jurisdiction to the exclusion of other courts. Furthermore, Richard Geldreich could obtain in the Washington lawsuit all the relief he seeks in the Texas lawsuit.

The trial court heard and denied the plea on December 19, 2019.

During the course of this appeal, Connie moved to voluntarily dismiss her claims in the Washington proceeding, and the Washington court dismissed the proceeding.[2] Connie's counsel conceded at oral argument that the Washington proceeding had been dismissed. Counsel argued, however, that Connie's second issue is not moot because the dismissal was without prejudice and, therefore, the Washington court could allow Connie to reinstate the proceeding if this Court reverses the order denying the plea in abatement. We disagree.

Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). Further, some issues in a case may become moot, while others remain live. *Id.* Here, the basis for the relief requested by Connie in the plea in abatement (i.e., a pending proceeding in a different court with dominant jurisdiction) no longer exists because the Washington proceeding is no longer pending. In other words, the issue of whether the Washington court has dominant jurisdiction over the Texas court is no longer in controversy. Under this record, we conclude Connie's second issue is moot.

---

[2] We take judicial notice of the Washington court's September 18, 2020 "Order Granting Motion for CR 41(a) Dismissal." Rule 41(a) permits voluntary dismissal by the plaintiff. WASH. SUPER. CT. CIV. R. 41(a) ("Voluntary Dismissal").

**CONCLUSION**

We conclude appellant failed to preserve error as to her first issue and her second issue became moot during the course of this appeal. Accordingly, we overrule both issues and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200702F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CONNIE LEE GELDREICH,
Appellant

No. 05-20-00702-CV     V.

RICHARD GELDREICH, JR.,
Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-15329.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RICHARD GELDREICH, JR. recover his costs of this appeal from appellant CONNIE LEE GELDREICH.

Judgment entered this 7th day of July 2022.