**Tod HAGEN, Appellant,**

v.

**Danny JAMESON, Appellee.**

No. 05–02–00674–CV.

Court of Appeals of Texas, Dallas.

Feb. 6, 2004.

Dell Edward James, Lee Everett, Kevon V. Howald, and Laura D. Yates, Plano, for Appellant.

Kelly M. Crain, Gregory R. Ave and Kimberly A. Wilson, Dallas, for Appellee.

Before Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

Tod Hagen appeals the trial court's judgment in his favor against Danny Jameson. Hagen sued Jameson for injuries he received on June 14, 1999, after the Dodge pickup truck Jameson was driving rear-ended another vehicle which, in turn, hit the car Hagen was driving. The jury found in favor of Hagen, awarding him $11,063 in damages. In his first issue, Hagen contends Jameson committed reversible error during closing argument. In his second and third issues, Hagen argues he established he was entitled to recover his medical costs as a matter of law and the jury's failure to find in his favor was against the great weight and preponderance of the evidence. We affirm the trial court's judgment.

In his first issue, Hagen contends Jameson committed reversible error when he argued to the jury, "Look at what they want you to award against my client in these medical bills and look at who's paid for it. Aetna HMO." We agree the statement was improper; however, error was waived when Hagen failed to obtain a ruling on his objection and request a curative instruction. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d 835, 839–40 (Tex.1979) (to prove incurable jury argument, complaining party must show (i) improper argument was made, (ii) that was not invited or provoked, (iii) that was properly preserved at trial, such as by objection, motion to instruct or motion for mistrial, (iv) error was not curable by instruction, prompt withdrawal of statement, or reprimand by judge, and (v) argument, by nature, degree, and extent, constituted reversible error based on ex-

amination of entire record to determine argument's probable effect on material finding); *see Tex. Employers Ins. Ass'n v. Puckett*, 822 S.W.2d 133, 135 (Tex. App.-Houston [1st Dist.] 1991, writ denied). We overrule Hagen's first issue.

■■■ In his second and third issues, Hagen contends he established, as a matter of law, that his medical treatment was reasonable and necessary, and the jury's failure to find in his favor was against the great weight and preponderance of the evidence. Because he is attacking the legal and factual sufficiency of an adverse jury finding on which he had the burden of proof, Hagen must demonstrate (i) the evidence establishes, as a matter of law, all vital facts in support of the finding, and (ii) the adverse finding is against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001) (per curiam). In reviewing a legal sufficiency claim, we first examine the record for evidence supporting the jury's finding, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). If there is no evidence to support the fact finder's answer, only then will we review the entire record to assess whether the contrary proposition was established as a matter of law. *See Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 940 (Tex.1991); *see also Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982) (because there is evidence of probative force which supports trial court's adverse finding, evidence which supports appellant's cause is not reached).

During trial, Hagen introduced medical records and billings for a surgical procedure on his neck performed by his neurosurgeon, Dr. Brent Morgan. Morgan testified he first saw Hagen on November 3, 1999, five months following the accident. Hagen first complained of neck and arm pain and arm numbness in the C–8 distribution but an MRI disclosed a central disk bulge at C–5, 6 and C–6, 7. He explained that the C–8 distribution symptoms were not consistent with the problem Hagen had at C–5, 6. On December 2, 1999, Morgan performed a successful anterior cervical discectomy fusion surgery at C–5, 6 on Hagen's lower neck. In layman's terms, he took the disk out between the bones and replaced it with a bone graft. During the surgery, Morgan confirmed Hagen had "C–5, 6 disk disease with radiculopathy." He testified that "disk disease" meant any problem with the disk, including a degenerative condition. During the procedure, he discovered and removed some of the osteophytes found in Hagen's neck. He explained that osteophytes are part of the compression affecting the spinal sack and the nerves. Morgan testified the osteophytes could have resulted from a traumatic event, such as the accident, or from the passage of time. He opined that Hagen's osteophytes were more than six months old and were therefore present prior to the accident. He further testified that a bulge or degenerative condition could result from the passage of time, particularly with someone who had an active life style.

During trial, Morgan examined the pathologist's report which referred to Hagen's "disk material as mild, degenerating—or degenerative changes." Morgan testified that would be "consistent with somebody in their mid–30's of any disk." Morgan also testified he was unaware that, at the time he began treating Hagen, he had recently begun a new job in a service station where he worked long hours, was required to stand for long periods of time, and spent a great deal of time on the telephone. When asked whether this type of work would cause Hagen's neck to become symptomatic, assuming Hagen had a

degenerative condition present in his neck, Morgan agreed that it would.

Morgan also examined reports from a chiropractor, Dr. Lundin, who saw Hagen four days after the accident. Lundin ordered x-rays of Hagen's back and, after examining the report, noted the existence of "minimal degenerative spondylosis." Morgan stated the term spondylosis refers to the osteophytes in Hagen's back. According to Morgan, the x-rays in Lundin's records also showed mild, degenerative spondylosis throughout Hagen's lower back, indicating Hagen's back was filled with degenerative changes. Morgan testified these would have been present long before the June 14th accident.

The record contains evidence supporting the jury's implied finding that Hagen's neck problems were not the result of the June 14th accident but instead were the result of a degenerative process existing throughout his entire back, including his neck. Thus, there is evidence supporting the jury's decision that Hagen was not entitled to recover the cost of his medical procedure. Because there is evidence to support the finding, we conclude Hagen did not establish as a matter of law that he was entitled to recover all his medical costs. Furthermore, the jury was charged with making credibility determinations about any conflicts in the evidence. The jury could have reasonably determined Hagen's neck problems were the result of normal aging and degeneration of the disks in his neck. Having reviewed all the evidence, we cannot say the jury's finding was so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule Hagen's second and third issues.

We affirm the trial court's judgment.