Donna **MITCHELL** and Timothy T. Mitchell, Appellants,

v.

**BANK OF AMERICA, N.A., Appellee.**

No. 05–03–01592–CV.

Court of Appeals of Texas, Dallas.

Dec. 30, 2004.

Rehearing Overruled March 10, 2005.

Donna Kaye Rashti and Timothy T. Mitchell, Rashti and Mitchell, Dallas, for Appellant.

Eric Scott Lipper and Michael D. Conner, Hirsch & Westheimer, P.C., Houston, for Appellee.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

Donna and Timothy Mitchell appeal a take nothing judgment based on a jury verdict in favor of Bank of America. In fifteen points of error, the Mitchells contend generally: (1) the trial court erred in excluding certain testimony and exhibits; (2) the trial court erred in denying an agreed continuance; (3) the evidence is factually insufficient to support the breach of contract finding; (4) Bank's counsel made improper jury argument; (5) the trial court erred in failing to grant their motion for new trial based on newly discovered evidence; (6) certain trial court rulings violated their constitutional rights; and (7) the trial court erred in awarding the Bank its costs. We overrule the Mitchell's points of error and affirm the trial court's judgment.

## Background

In 1991, the Mitchells opened a safe deposit box at the Bank. Subsequently, the Mitchells moved twice and informed the bank of the address changes. In 1997, the Mitchells went to the Bank and learned that their safety deposit box was about to be drilled for nonpayment. The Bank had mailed payment notices to the old addresses. The Mitchells paid the past due rent and the Bank assured them the box would not be drilled.

On June 12, 1998, the Mitchells went to the Bank to close the safety deposit box and move the contents to a bank closer to their home. At this time, the Bank informed them that the box had been drilled because of nonpayment and that the contents had been sent to Austin. The Mitchells paid the rental and drilling fee and the Bank had the contents of the box transferred back to the Greenville Avenue branch. The Mitchells returned to the Bank on June 19, 1998 to retrieve the contents of the box.

The Mitchells verified the contents of the box and signed a receipt stating that they had received all of the contents. They placed the contents into a Blockbuster tote bag and left the Bank. The Mitchells got into their suburban and drove about two miles before experiencing a flat tire on Central Expressway. They exited the highway and called AAA. While waiting for assistance, a man approached and offered to help change the tire and they accepted. Mr. and Mrs. Mitchell then got out of the suburban. While Mr. Mitchell was attempting to remove the flat tire, the stranger left the scene. Shortly thereafter, the Mitchells discovered the Blockbuster bag and its contents were missing. They called the police and filed a report.

The Mitchells sued the Bank alleging that the Bank breached the contract by drilling the safety deposit box when the rent was paid and they had not been notified of a problem. The case proceeded to trial and the jury found in favor of the Bank.

## Continuance

■ In their second point of error, the Mitchells contend the trial court erred in denying an agreed continuance. We review a trial court's denial of a motion for continuance for an abuse of discretion.

*BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex.2002); *Dallas Ind. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 235 (Tex.App.-Dallas 2000, pet. denied).

■ The Mitchells failed to provide a record citation for their motion for continuance, and we do not find such motion in the record. They direct the Court to the Rule 11 agreement filed in the trial court on the day of the pretrial hearing, on July 28, 2003. At the pretrial hearing, the trial judge acknowledges the Rule 11 agreement and initially states that he will not allow the parties to postpone trial. Following a brief discussion, however, the trial judge states, "maybe I'm going to have to grant the continuance you both agreed to." Mr. Mitchell then tells the trial court, "we're happy to go to trial tomorrow." At the end of the pretrial hearing, the status of the Rule 11 continuance was pending. The following morning, the parties addressed several pretrial motions before the trial began. There was no discussion of a continuance.

■ Before the trial court ruled on the continuance, Mr. Mitchell announced that the plaintiffs were "happy to go to trial tomorrow." The Mitchells cannot complain of proceeding to trial the following day when they agreed to do so. *See Reyna v. Reyna,* 738 S.W.2d 772, 775 (Tex. App.-Austin 1987, no writ). Moreover, the Mitchells failed to obtain a ruling from the trial court on the motion for continuance and therefore, failed to preserve error. *See* Tex.R.App. P. 33.1(a); *Rangel v. State Bar of Texas,* 898 S.W.2d 1, 3 (Tex.App.-San Antonio 1995, no writ) (refusing to consider appellant's complaints with respect to motion for continuance because trial court did not rule on motion). We overrule the Mitchells' second point of error.

## Exclusion of Evidence

In points of error one and eleven, the Mitchells complain of the exclusion from evidence of certain exhibits. In points of error nine and ten, the Mitchells contend the trial court erred in excluding certain testimony.

We review a trial court's rulings on the admission or exclusion of evidence for an abuse of discretion. *United Blood Svcs. v. Longoria,* 938 S.W.2d 29, 30 (Tex.1997). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). A reviewing court will not reverse an erroneous ruling on the exclusion of evidence unless the ruling probably caused the rendition of an improper judgment. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 906 (Tex.2000).

### 1. Exhibits

■ In point of error one, the Mitchells contend the trial court erred in excluding exhibits 41 and 84. With respect to exhibit 41, however, counsel for the Mitchells, after initially offering exhibit 41 for admission, subsequently withdrew that offer. Having withdrawn its offer of exhibit 41, the trial court never ruled on its admissibility. Accordingly, the Mitchells cannot show that the trial court abused its discretion in not admitting that exhibit. *See Pittsburgh Corning Corp. v. Walters,* 1 S.W.3d 759, 777 (Tex.App.-Corpus Christi 1999, pet. denied).

■ Likewise, admission of exhibit 84 was never ruled upon. Prior to trial, the Mitchells' attorney stated, "Your Honor, I have a complete book of 88 exhibits in here, none of—*all of which will not be admitted,* but I'm going to give the Court all 88." (Emphasis supplied.) Out of those eighty-eight exhibits, the parties dis-

cussed the admission of twelve of them. The Bank agreed to and the trial court admitted exhibits seven, thirty-four, thirty-six, and fifty. The Mitchells withdrew exhibit 3. After considering the Bank's objections, the trial court admitted exhibits four, five, six, thirty-eight, thirty-nine, and eighty-eight. The trial court sustained the Bank's objection to exhibit eighty-nine. Exhibit eighty-four was not discussed at this time and the Mitchells never offered it during the trial. Accordingly, the Mitchells cannot show the trial court abused its discretion in not admitting that exhibit. We overrule the Mitchell's first point of error.

■ In point of error eleven, the Mitchells complain of the exclusion of exhibits three and eight. We have already addressed exhibit three and concluded that trial court did not abuse its discretion because the Mitchells withdrew the exhibit. The Mitchells' argument that the trial court erred in excluding exhibit eight fails for the same reason as exhibit eighty-four discussed above. There is no indication in the record that the Mitchells ever offered exhibit eight either prior to or during the trial. Thus, the trial court did not abuse its discretion in excluding exhibit eight. We overrule the Mitchells' eleventh point of error.

### 2. Testimony

■ In point of error nine, the Mitchells contend the trial court erred in excluding testimony as to the intrinsic or sentimental value of the lost property. The Bank counters the trial court properly excluded this testimony because the Mitchells failed to provide this information in response to discovery.

It is well established in Texas that no recovery is allowed unless liability has been established. In the absence of liability, the question of damages becomes immaterial. *Turner v. Lone Star Indus., Inc.*, 733 S.W.2d 242, 246 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). The jury found that the Bank was not liable for the Mitchells' damages. We have held that the evidence is sufficient to support this finding. Accordingly, the exclusion of any evidence on the issue of damages is harmless because it could not have resulted in the rendition of an improper judgment. We overrule the Mitchells' ninth point of error.

■ In point of error ten, the Mitchells contend the trial court erred in excluding their evidence on attorney's fees. A prevailing party may recover attorney's fees in a suit on a contract. Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1997). Because the Mitchells did not prevail in their lawsuit, any error in excluding this testimony, if any, was harmless. We overrule the Mitchells' tenth point of error.

### Sufficiency of Evidence

In their third point of error, the Mitchells complain of the jury finding that the Bank did not breach the contract. They make two arguments under this point of error. First, they assert the trial court erred in submitting the question to the jury because whether a contract has been breached is a question of law. Second, they assert the evidence does not support the jury finding.

■ With regard to their first assertion, rule 272 of the Texas Rules of Civil Procedure, requires a party to object to the court's charge, either orally or in writing, before the court reads the charge to the jury. Tex.R. Civ. P. 272; *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992). If the party does not present the objections to the court before the court reads the charge to the jury, he waives his objection. Tex.R.

CIV. P. 274; *Kirkpatrick v. Memorial Hosp. of Garland,* 862 S.W.2d 762, 769 (Tex.App.-Dallas 1993, writ denied). The record must show that the party presented the objections to the court for its ruling. *Id.* Objections to the court's charge in a motion for a new trial are untimely and preserve nothing for review. *Id.* The Mitchells complained of the jury question in their motion for new trial, but they did not complain about the question before the court read the charge to the jury. We conclude the Mitchells have waived their assertion of charge error because they made no objection to the court's charge prior to the trial court reading it to the jury.

■ We turn now to the Mitchells assertion that the evidence is insufficient to support the jury finding that the Bank did not breach the contract. In contrast, an appellant attacking the legal sufficiency of an adverse jury finding on which he had the burden of proof must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of the finding. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001) (per curiam). In reviewing such a claim, we first examine the record for evidence supporting the jury's finding, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If there is no evidence to support the fact finder's answer, only then will we review the entire record to assess whether the contrary proposition was established as a matter of law. *See Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 940 (Tex.1991). If an appellant challenges a jury finding regarding an issue upon which the appellant had the burden of proof, he must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem.,* 46 S.W.3d at 241. In reviewing this challenge, we consider all of the evidence in determining whether the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See In re King's Estate,* 150 Tex. 662, 665, 244 S.W.2d 660, 661 (1951). We may reverse and remand for a new trial if we conclude the jury's failure to find is against the great weight and preponderance of the evidence. *See Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 651 (Tex. 1988).

The Mitchells contend the Bank breached the contract by failing to send the required pre-drilling notice to their correct address. The safety deposit box contract provides: "Lessee shall notify Lessor in writing of any change of Lessee's address. All communications may be sent to Lessee at the address reflected on the Lessor's records." The Mitchells contend that the evidence introduced at trial along with the newly discovered documents establish that they met their obligation to notify the bank of their address change. At trial, Timothy Mitchell testified that he notified the Bank of their change of address, but he did not remember how he provided the notice. The record does not contain any evidence that the Mitchells sent correspondence to the Bank alerting it to an address change. The Bank's records reflected several addresses for the Mitchells. The Bank sent the required notice to one of the addresses reflected in its records. This evidence supports the jury finding that the Bank did not breach the contract. We overrule the Mitchells' third point of error.

### Jury Argument

■ In their fourth, fifth, and sixth issues, the Mitchells contend that counsel for the Bank made improper jury arguments.

■ The standard of review for improper jury argument requires reversal

under the following circumstances: (1) there is error in the argument, (2) it was not invited or provoked, (3) the error was preserved by an objection, motion for mistrial, or motion to instruct, (4) the error was not curable by instruction, reprimand by the judge, or proper withdrawal of the statement, and (5) the argument by its nature, degree and extent constituted reversible harmful error. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex.1979).

The Mitchells assert counsel for the Bank committed three instances of incurable jury argument. However, the record reveals that the Mitchells did not object to the complained—of arguments at the time they were made, and so have failed to preserve error. *Hagen v. Jameson*, 127 S.W.3d 387, 388 (Tex.App.-Dallas 2004, no pet.); *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 477 (Tex.App.-Dallas 2003, pet. denied). We overrule the Mitchells' fourth, fifth, and sixth points of error.

### Newly Discovered Evidence

In their seventh point of error, the Mitchells contend the trial court erred in denying their motion for new trial based on newly discovered evidence. They contend this new evidence shows that they provided the Bank with notice of their current address.

■■■ We review a trial court's ruling on a motion for new trial based on newly discovered evidence for an abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex.2003). A party seeking a new trial on the ground of newly discovered evidence must show the trial court that: (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that it did not come

sooner; (3) it is not cumulative; and (4) it is so material that it would probably produce a different result if a new trial were granted. *Jackson*, 660 S.W.2d at 809; *Finlan*, 27 S.W.3d at 240.

■■■ In their motion for new trial, the Mitchells argued that they had recently discovered four documents that they contend represented notices by them to the Bank of their most recent address. These four documents were: (1) an envelope from the Bank postmarked June 27, 2995 addressed to the Mitchells at their current address; (2) a June 27, 1995 notice from the Bank of a returned check fee containing the Mitchells' names and current address; (3) a July 10, 1995 letter from Timothy Mitchell to the Bank on the Mitchell law firm letterhead reflecting their current address; and (4) a $30.00 check with the Mitchells' names and current address payable to the Bank.

At trial, the Mitchells introduced a copy of a bank statement for July, 1994 and 1994 and 1995 tax forms sent to the Mitchells at their current address. This evidence showed that the Bank had the Mitchells' current address. Accordingly, the four newly discovered documents are merely cumulative of evidence that the Mitchells introduced at trial. Because these documents are cumulative of trial evidence, the Mitchells failed to meet the required showing for a new trial based on newly discovered evidence. *See Jackson*, 660 S.W.2d at 809; *Finlan*, 27 S.W.3d at 240. We overrule the Mitchells' seventh point of error.

### Implied Duty to Cooperate

■■■ In point of error eight, the Mitchells contend the Bank breached an implied duty to cooperate. The Mitchells did not raise the implied duty to cooperate claim in its pleadings. This new theory of recov-

**630**

ery cannot be raised for the first time on appeal. TEX.R.APP. P. 33.1; *Sher v. Fun Travel World, Inc.,* 118 S.W.3d 500, 503 (Tex.App.-Dallas 2003, no pet.). Accordingly, we overrule the Mitchells' eighth point of error.

### Constitutional Claims

In points of error twelve and thirteen, the Mitchells contend they were deprived of their constitutional rights to due process and to confront witnesses. Specifically, they contend those rights were violated by the Bank's failure to produce documents and the trial court's failure to abide by a rule 11 agreement and an agreed continuance. In their fourteenth point of error, they assert improper jury argument deprived them of their constitutional rights to due process and cross-examination.

As a rule, a claim, including a constitutional claim, must first be raised in the trial court in order for it to be considered on appeal. TEX.R.APP. P. 33.1(a); *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993). Because the Mitchells did not raise these constitutional claims in the trial court, we do not address them on appeal. *See Elbar, Inc. v. Claussen,* 774 S.W.2d 45, 53 (Tex.App.-Dallas 1989, writ dismissed). We overrule the Mitchells' twelfth, thirteenth, and fourteenth points of error.

### Costs

In their final point of error, the Mitchells contend the trial court erred in awarding costs to the Bank. We review a trial court's award of costs under an abuse of discretion standard. *Hasty Inc. v. Inwood Buckhorn J.V.,* 908 S.W.2d 494, 502 (Tex.App.-Dallas 1995, writ denied). Absent an abuse of discretion, we will not reverse the trial court's assessment of costs. *Id.*

Rule 131 states: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX.R. CIV. P. 131. The Bank was the successful party in this lawsuit. Accordingly, the trial court did not err in awarding costs to the Bank. We overrule the Mitchells' fifteenth point of error.

We affirm the trial court's judgment.