# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00509-CV

**Rickye Henderson, Appellant**

**v.**

**Armbrust & Brown, PLLC; David King; Guillermo Alarcon; and Ali Arabzadegan, Appellees**

---

**FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-24-003064, HONORABLE DON R. BURGESS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this consolidated appeal, Rickye Henderson, acting pro se, appeals from the trial court's orders granting appellees' motion to dismiss and final judgment (final judgment) and declaring him a vexatious litigant (vexatious-litigant order).[1] In the vexatious-litigant order, the trial court required Henderson to furnish security to proceed in the litigation before the trial court and prohibited him from filing, pro se, new litigation in Texas without permission from a local administrative judge. *See* Tex. Civ. Prac. & Rem. Code §§ 11.054 (listing criteria for finding that plaintiff is vexatious litigant), .055 (requiring court to order plaintiff to furnish security for

---

[1] In this Court's cause number 03-24-00410-CV, Henderson brought an interlocutory appeal from the trial court's order declaring him a vexatious litigant. After the trial court signed the order granting appellees' motion to dismiss and final judgment, his challenge to the interlocutory order merged into the final judgment. *See* Tex. R. App. P. 27.3; *Chen v. Razberi Techs., Inc.*, 645 S.W.3d 773, 779 (Tex. 2022) (agreeing that Rule 27.3 applied and that "court of appeals erred in failing to treat the appeal of the special appearance order as an appeal from the final judgment into which the ruling merged"). On this basis, we consolidated the two appeals. *See Henderson v. Armbrust & Brown, PLLC*, Nos. 03-24-00410-CV, 03-24-00509-CV, 2025 Tex. App. LEXIS 96, at *1–2 (Tex. App.—Austin Jan. 10, 2025, no pet. h.) (mem. op.).

benefit of moving defendant when court determines that plaintiff is vexatious litigant), .101(a) (authorizing court to enter order prohibiting person from filing new litigation without judicial permission when court finds that person is vexatious litigant). In the final judgment, the trial court dismissed Henderson's claims because he did not furnish security to proceed with the litigation against appellees. *See id.* § 11.056 (requiring court to dismiss litigation as to moving defendant if plaintiff ordered to furnish security does not furnish security within time set by order).

For the following reasons, we conclude that Henderson has not shown that the trial court abused its discretion when it declared him a vexatious litigant and affirm the trial court's final judgment.

## BACKGROUND

Appellee Ali Arabzadegan, who was represented by Armbrust & Brown, PLLC, David King, and Guillermo Alarcon (collectively "the appellee lawyers"), sued Henderson and others and obtained a monetary judgment against him.[2] After the trial court signed the final judgment in that case (the original lawsuit), Henderson filed two lawsuits, one against Arabzadegan and the other one against the appellee lawyers, asserting claims of defamation and intentional infliction of emotional distress that were based on statements, including an alleged "wrongful accusation," made by appellees in the original lawsuit.

Appellees filed a motion to consolidate the two lawsuits that Henderson had filed, *see* Tex. R. Civ. P. 174, and to have Henderson declared a vexatious litigant on the ground that he was attempting to relitigate "issues of fact or law determined or concluded" by the original

---

[2] Henderson's appeal from that judgment is pending before this Court in Cause No. 03-24-00236-CV.

lawsuit, *see* Tex. Civ. Prac. & Rem. Code § 11.054(2)(B). Appellees sought orders from the trial court to require Henderson to post security and prohibit him from filing new pro se lawsuits without the permission of the local administrative judge. *See id.* §§ 11.055, .101. Appellees supported the motion with evidence and argued that Henderson had no reasonable probability of prevailing against them because his claims were barred by res judicata, collateral estoppel, the judicial-proceedings privilege, and attorney immunity. Appellees' evidence was from the original lawsuit and included the final judgment against Henderson, the trial court's findings of fact and conclusions of law, and Arabzadegan's fourth amended petition and application for injunctive relief.

The motions to consolidate and to declare Henderson a vexatious litigant contained a certificate of service certifying that Henderson was served via e-service on May 23, 2024, and an "Automated Certificate of eService" reflecting that the motions were served on Henderson at his email address on May 23 at 4:02:51 p.m. Appellees also filed a notice that a hearing on their motions was set for June 12, 2024, at 9:00 a.m. The notice contained a certificate of service that certified that Henderson was served via e-service on May 24 and an "Automated Certificate of eService" reflecting that the notice was served on Henderson at his email address on May 24 at 10:31:04 a.m.

Henderson did not file a response to the motions or appear for the June 12 hearing. At the conclusion of the hearing, the trial court signed the vexatious-litigant order and an order consolidating the two lawsuits. The trial court found Henderson to be a vexatious litigant; ordered him to furnish security in the amount of $30,000 by July 15 to proceed in the litigation before the trial court; and prohibited him from filing, pro se, new litigation in any court in Texas without permission from a local administrative judge. *See id.* §§ 11.054, .055, .101(a).

3

A few hours after the trial court signed the orders, Henderson filed his notice of interlocutory appeal from the vexatious-litigant order in this Court. The day after the June 12 hearing, Henderson filed a motion to vacate the trial court's order declaring him a vexatious litigant and a motion to deny consolidation, but the record does not reflect that Henderson set these motions for hearing or that the trial court ruled on them. After Henderson did not furnish the court-ordered security by July 15 to proceed in the litigation, appellees moved for dismissal of his claims. *See id.* § 11.056 (requiring court to dismiss litigation as to moving defendant if plaintiff ordered to furnish security does not do so within time set by order). The trial court granted appellees' motion and dismissed Henderson's claims.

## ANALYSIS

In his interlocutory appeal from the vexatious-litigant order, Henderson raises five issues. He argues that the trial court erred in declaring him a vexatious litigant without proper notice or an opportunity to be heard, the trial court violated his due-process rights, the trial court's order was "influenced by improper conduct and manipulation by" the appellee lawyers, the trial court erred in consolidating the two lawsuits without proper notice and an opportunity to be heard, and the trial court "is indebted to the law firm of Armburst & Brown for possible contribution violations." [3]

---

[3] In the interlocutory appeal, Henderson also filed a "Reply to Appellees' Brief and Amended Brief of Appellant." He includes the first four issues that he raised in his initial brief and fifteen other issues, which generally address the claims in the original lawsuit and his claims against appellees in the two lawsuits that he brought against them, not the vexatious-litigation order. For example, he stated his eleventh issue as follows: "Whether Rickye Henderson hired a contractor and required the contractor to obtain insurance as the lease required." To the extent that he raises new issues, he may not do so in a reply brief. *See Hollis v. Acclaim Physician Grp. Inc.*, No. 02-19-00062-CV, 2019 Tex. App. LEXIS 6414, at *14–15 (Tex. App.—Fort Worth July 25, 2019, no pet.) (mem. op.) (concluding that pro se appellant waived new issues raised in

4

In his appeal from the final judgment, Henderson raises ten issues, some of which overlap with the issues that he raised in the interlocutory appeal. He argues that (i) "the trial court violated his due process rights by declaring him a vexatious litigant in an ex parte hearing without adequate notice and an opportunity to be heard"; (ii) the trial court erred in dismissing his claims, "violating his constitutional rights under the Equal Protection Clause, particularly considering his pro se status and indigent status"; (iii) judicial bias and misconduct by the appellee lawyers, various judges, and a Justice of this Court "deprived [him] of his right to a fair trial"; (iv) "the trial court erred in disregarding admissible evidence submitted by [him] that refuted [appellees'] claims"; (v) "the courts erred in denying [him] the right to submit new, crucial evidence"; (vi) "the trial court and appellate court erred in denying [his] in forma pauperis status, thereby effectively terminating his legal claims"; (vii) the trial court and this Court "erred by failing to consider evidence of racially charged language," "which may constitute evidence of racial bias or discriminatory intent"; (viii) "the trial court erred by consolidating two distinct causes of action, leading to confusion and the denial of a fair trial"; (ix) "the trial court and this Court failed in their duty to protect [his] life and well-being when there was credible evidence of imminent threats against him"; and (x) his "concerns about judicial bias and systemic racial discrimination warrant a change of venue to ensure a fair trial."[4]

_____

reply brief because new issues may not be raised in reply brief (citing *Fredonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 284–85 (Tex. 1994), and *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied))); *see also* Tex. R. App. P. 38.3 (stating that appellant "may file a reply brief addressing any matter in the appellee's brief"); *Priddy v. Rawson*, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue not raised in the appellant's original brief.").

[4] We state Henderson's ten issues in the appeal from the final judgment as they are stated in the section of Henderson's brief titled "Issues Presented." *See* Tex. R. App. P. 38.1(f). In the

**Adequacy of Briefing**

As a threshold matter, we consider appellees' objection to Henderson's briefs on the ground they do not comply with Texas Rule of Appellate Procedure 38. Appellees' objections include that his argument contains no citations to the record. *See* Tex. R. App. P. 38.1(i). Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants who are represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants "an unfair advantage over litigants represented by counsel." *Id.* at 185. Rule 38 provides that a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see also ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) ("The Texas Rules of Appellate Procedure require adequate briefing.").

Because Henderson's arguments do not include citations to the record, we conclude that he has waived his issues due to inadequate briefing. *See Hollis v. Acclaim Physician Grp. Inc.*, No. 02-19-00062-CV, 2019 Tex. App. LEXIS 6414, at *10 (Tex. App.—Fort Worth July 25, 2019, no pet.) (mem. op.) (holding that pro se appellant waived issues due to inadequate briefing because issues alleged consisted of "brief conclusory statements, which [were] unsupported by legal citations"). Nonetheless, we will attempt to address Henderson's dispositive issues as best as we can. *See Hughes v. Armadillo Props.*, No. 03-15-00698-CV,

---

argument section of his brief, he addresses ten points of error, which do not follow the same order as his ten issues but generally address the same complaints. In his reply brief in the appeal from the final judgment, he lists eight issues, which overlap with the ten issues listed in his initial brief or address arguments raised in appellees' brief.

2016 Tex. App. LEXIS 10240, at *5 (Tex. App.—Austin Sept. 20, 2016, no pet.) (mem. op.) (attempting to address pro se appellant's "arguments as best as we can").

**Vexatious-Litigant Designation**

As part of his first issue in the appeal from the final judgment, Henderson argues that appellees failed to meet their burden to establish the statutory criteria for a vexatious-litigant designation "as there was no evidence of harassment or frivolous filings on [his] part." "We review a trial court's vexatious litigant declaration for an abuse of discretion." *Physician Assistant Bd. v. Perez*, No. 03-16-00840-CV, 2017 Tex. App. LEXIS 10155, at *4 (Tex. App.—Austin Oct. 31, 2017, no pet.) (mem. op.). "A trial court abuses its discretion if it acts arbitrarily or unreasonably and without reference to any guiding rules or principles." *Id.* (citing *In re Douglas*, 333 S.W.3d 273, 282–83 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Appellees' motion to declare Henderson a vexatious litigant was based on Subsection 11.054(2)(B) of the Texas Civil Practice and Remedies Code:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: . . .
>
> (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> . . .
>
> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined . . . .

Tex. Civ. Prac. & Rem. Code § 11.054(2)(B).

7

Appellees supported their motion with evidence from the original lawsuit, which appellee Arabzadegan, represented by the appellee lawyers, brought against Henderson, and argued that Henderson was attempting to relitigate, pro se, issues of fact or law that were determined against him in the original lawsuit and that Henderson had no reasonable probability of prevailing in his lawsuits against appellees because his claims were barred by res judicata, collateral estoppel, the judicial-proceedings privilege, and attorney immunity. *See id.*; *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46–47 (Tex. 2021) (explaining that judicial-proceedings privilege is absolute privilege that applies to tort claims based on communications in course of legal proceeding including defamation claims and that attorney immunity is "comprehensive affirmative defense protecting attorneys from liability to non-clients" (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015))); *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628–29 (Tex. 1992) (stating that res judicata, which includes issue and claim preclusion, prevents relitigation of claim or cause of action that has been fully adjudicated and "related matters that, with the use of diligence, should have been litigated in the prior suit" and that collateral estoppel or issue preclusion "prevents re-litigation of particular issues already resolved in a prior suit").

Appellees' evidence supporting their motion included the trial court's final judgment against Henderson in the original lawsuit, its findings of fact and conclusions of law in support of the final judgment, and Arabzadegan's fourth amended petition and application for injunctive relief. This evidence established that there was not a reasonable probability that Henderson would prevail in his two lawsuits against appellees because his claims of defamation and intentional infliction of emotional distress were based on allegations, statements, and testimony in the original lawsuit. *See Landry's*, 631 S.W.3d at 46–47; *Barr*, 837 S.W.2d at 628–

8

29. The evidence established that the original lawsuit was finally determined against him and that he was attempting to relitigate, pro se, issues of fact or law that were determined against him in the original lawsuit. *See* Tex. Civ. Prac. & Rem. Code § 11.054(2)(B). Although Henderson's appeal from the final judgment in the original lawsuit is pending before this Court in a separate appeal, that judgment is final for purposes of res judicata and collateral estoppel. *See Gonzalez v. Guilbot*, 315 S.W.3d 533, 536 n.3 (Tex. 2010) ("[A] trial court's judgment is final for purposes of res judicata or collateral estoppel even while the case is on appeal."); *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (explaining that judgment is "final for the purpose of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo").

Henderson does not address appellees' evidence or explain how or why this evidence was not sufficient to support the trial court's determination that he was a vexatious litigant. Based on our review of appellees' evidence, we cannot conclude that the trial court abused its discretion when it determined that Henderson was a vexatious litigant, and we overrule his first issue to the extent that he challenges that determination. *See Physician Assistant Bd.*, 2017 Tex. App. LEXIS 10155, at *4.

**Notice and Opportunity to be Heard**

In his first, second, and fourth issues in the interlocutory appeal, Henderson argues that the trial court erred in declaring him a vexatious litigant and in consolidating his two lawsuits "without proper notice or an opportunity to be heard" and that the vexatious-litigant order violated his due-process rights. Similarly, as part of his first issue in the appeal from the final judgment, Henderson argues that "the trial court violated his due process rights by declaring

9

him a vexatious litigant in an ex parte hearing without adequate notice and an opportunity to be heard." These issues appear to be based on his contention that he did not receive adequate notice of the June 12 hearing.

The appellate record includes the certificates of service contained within appellees' motion to consolidate and motion to declare Henderson a vexatious litigant and their notice of the June 12 hearing. In the certificates of service, counsel certified that Henderson was provided notice of the motions and hearing via e-service. A certificate of service "shall be prima facie evidence of the fact of service." Tex. R. Civ. P. 21a. The motions and notice also contained an "Automated Certificate of eService," which certifies that the motions and notice were sent to Henderson's email address listed in his signature block that he used when he filed documents in the case. *See id.* R. 21a(a)(1) (requiring service on e-file user "through the electronic filing manager"). "In the absence of evidence to the contrary, the presumption [of service] has the force of a rule of law." *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). To rebut this presumption, it was Henderson's burden to offer proof of nonreceipt. *See id.* He has cited nothing in the record to support that he provided proof of nonreceipt to the trial court.[5]

---

[5] In his briefing to this Court, Henderson represents that he "conducted a diligent review of his emails and found no such notice," but our review is limited to the appellate record. His statements to this Court are not evidence, and even if they could be considered evidence of nonreceipt, his statements were not before the trial court when it made its rulings that are the subject of this appeal. *See Hammer v. Hammer*, No. 03-18-00715-CV, 2021 Tex. App. LEXIS 3740, at *4–5 (Tex. App.—Austin May 13, 2021, no pet.) (mem. op.) (explaining that appellate court's review of record is limited to appellate record provided and considering only facts and documents that were before trial court when it made its ruling); *see also* Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.").

Further, Henderson has not cited to where in the record he timely raised a due-process complaint with the trial court to preserve it for our review on appeal.**6** *See* Tex. R. App. P. 33.1(a) (stating steps for preserving complaints on appeal); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 630 (Tex. App.—Dallas 2024, pet. denied) ("As a rule, a claim, including a constitutional claim, must first be raised in the trial court in order for it to be considered on appeal."). We also observe that Texas courts, including this Court, have rejected due-process challenges to the vexatious-litigant statutes. *See In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (concluding that "vexatious litigant statute does not violate the vexatious litigant's constitutional due process rights" and collecting cases); *McCarrell v. Dunham & Jones Att'ys at Law P.C.*, No. 03-19-00783-CV, 2020 Tex. App. LEXIS 6336, at *12–13 (Tex. App.—Austin Aug. 12, 2020, no pet.) (mem. op.) (collecting cases, including from this Court, that have considered and rejected "complaints that vexatious-litigant statute violates constitutional rights to due process"). We overrule these issues.

_____

**6** After the trial court signed the vexatious-litigant order, Henderson raised a due-process complaint in his motion to vacate the order. He argued that he was denied due process because "[t]he procedure followed by the trial court was flawed, leading to an unfair decision against [him]" and that he was not provided "sufficient notice." The record, however, does not reflect that this motion was brought to the trial court's attention or ruled on by the trial court. *See* Tex. R. App. P. 33.1(a) (requiring timely complaint to trial court and ruling or refusal to rule by trial court).

Further, even if we were to consider his arguments in the motion to vacate, we would not conclude that the trial court abused its discretion in declaring him a vexatious litigant. We have concluded that the record established that he was provided with notice of the hearing and that he did not present contrary evidence. In the motion to vacate, Henderson also argued that Section 11.054 of the Texas Civil Practice and Remedies Code "requires clear and convincing evidence of a history of frivolous or harassing litigation, which was not met in this case," but Henderson misstates the statutory criteria for declaring a litigant a vexatious litigant and the basis of appellees' motion to declare him a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.054(2)(B). Appellees supported their motion to declare Henderson a vexatious litigant with documents from the original lawsuit, and he did not present contrary evidence. *See id.* § 11.053 (authorizing court to consider written evidence).

**Allegations of Improper Conduct**

In his third and fifth issues in the interlocutory appeal, Henderson argues that the vexatious-litigant order was "influenced by improper conduct and manipulation" by the appellee lawyers and that the trial court "[was] indebted to the law firm of Armburst & Brown for possible contribution violations." In his third issue in the appeal from the final judgment, Henderson argues that judicial bias and misconduct by the appellee lawyers, trial judges, and a Justice of this Court deprived him of his right to a fair trial. He argues that the "trial court's reliance on a single, unconfirmed email to claim that [he] was properly noticed, despite [his] diligent search yielding no such notice, reveals a prejudicial approach" and "a lack of impartiality in the court's process, influenced by [the appellee lawyers'] undue pressure." He also references alleged actions by the appellee lawyers and trial judges in other matters.

He cites nothing in the record that would support his assertions of misconduct or judicial bias, and he does not cite to where in the record he raised these arguments with the trial court to preserve them for our review on appeal. *See* Tex. R. App. P. 33.1(a). Further, to the extent he contends that he did not receive notice of the hearing, we have concluded that the record establishes that the filings were sent to his email address, and he does not contend that the email address was incorrect. And to the extent that he complains about alleged conduct of the appellee lawyers, certain trial judges, and a Justice at this Court that do not concern the vexatious-litigant order or the final judgment, we do not further address those complaints because they do not impact our analysis, and we limit our review to the dispositive issues. *See id.* R. 47.1.

For these reasons, we overrule these issues.

**Consolidation**

In his eighth issue in the appeal from the final judgment, Henderson argues that "the trial court erred in consolidating two distinct causes of actions, leading to confusion and the denial of a fair trial." *See* Tex. R. Civ. P. 174 (authorizing trial court to consolidate "actions involving a common question of law or fact"). Henderson, however, has not cited to where in the record he timely raised this complaint with the trial court to preserve it for our review on appeal.[7] *See* Tex. R. App. P. 33.1(a). We overrule his eighth issue.

**Evidentiary Issues**

In his fourth, fifth, seventh, and ninth issues in his appeal from the final judgment, Henderson raises evidentiary complaints. He argues that the trial court erred in disregarding "admissible evidence" that he submitted that refuted appellees' claims; that the trial court erred in denying him the right to submit "new, crucial evidence," "all of which substantiate viable causes of action for defamation and intentional infliction of emotional distress"; that the trial court and this Court "erred by failing to consider evidence of racially charged language"; and

---

[7] Henderson challenged the trial court's order of consolidation in his motion to vacate, but the record does not support that Henderson brought this motion to the trial court's attention or that the trial court ruled on the motion. *See* Tex. R. App. P. 33.1(a)(2). Further, even if we were to consider the arguments that he raised in his motion to vacate the order of consolidation, we could not conclude that the trial court abused its discretion. *See A.P. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00089-CV, 2023 Tex. App. LEXIS 4059, at *35–36 (Tex. App.—Austin June 13, 2023, pet. denied) (mem. op.) ("A trial court has broad discretion to consolidate cases 'that relate to substantially the same transaction, occurrence, subject matter, or question' such that the evidence 'will be material, relevant, and admissible in each case.'" (quoting *B.D. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-20-00118-CV, 2020 Tex. App. LEXIS 6980, at *36–37 (Tex. App.—Austin Aug. 28, 2020, pet. denied) (mem. op.))). In his motion to vacate, Henderson argued that "[t]he two cases involve distinct legal and factual issues, which would complicate and prejudice resolution of each case if consolidated," but his asserted claims in both lawsuits against appellees arise from the original lawsuit that was brought by appellee Arabzadegan, who was represented by the appellee lawyers.

that the trial court and this Court "failed in their duty to protect [his] life and well-being when there was credible evidence of imminent threats against him." He, however, has not identified where in the record he attempted to present evidence that the trial court refused to consider. *See* Tex. R. Evid. 103(a)(2) (allowing party to claim error in trial court's ruling to exclude evidence only if error affects substantial right of party and party "informs the court of [the evidence's] substance by an offer of proof, unless the substance was apparent from the context"); *Fletcher v. Minnesota Mining & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("To challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof."). Thus, we overrule these issues.[8]

**Indigency Status**

In his second and sixth issues in the appeal from the final judgment, Henderson argues that "the trial court erred in dismissing [his] claims, thereby violating his constitutional rights under the Equal Protection Clause, particularly considering his pro se and indigent status" and that the trial court and this Court "erred in denying [his] in pauperis status, thereby effectively terminating his legal claims." The record, however, reflects that his claim of indigency was not denied in this appeal,[9] and he has not identified where in the record that he

---

[8] To the extent that Henderson requests that this Court admit and consider evidence that was not before the trial court, we may not do so and deny this request. *See* Tex. R. App. P. 34.1; *Hammer*, 2021 Tex. App. LEXIS 3740, at *4–5.

[9] Henderson's application for indigency status was denied in a separate case. *See Henderson v. Arabzadegan*, No. 03-24-00313-CV, 2024 Tex. App. LEXIS 5919, at *1 (Tex. App.—Austin Aug. 16, 2024, no pet.) (mem. op.) (affirming trial court's order denying application for indigency status).

14

raised an equal-protection claim with the trial court to preserve it for our review. *See* Tex. R. App. P. 33.1(a); *Mitchell*, 156 S.W.3d at 630. We overrule these issues.

**Venue**

Finally, in his tenth issue in the appeal from the final judgment, Henderson argues that his "concerns about judicial bias and systemic racial discrimination warrant a change of venue to ensure a fair trial." He, however, has not identified where in the record that he requested a change of venue, and the issues in this appeal concern the trial court's decision to declare him a vexatious litigant and to require him to furnish security to proceed with the litigation. Further, to the extent that Henderson requests that this Court transfer venue, we deny this request. *See In re Marriage of Baker & Finster*, No. 05-18-00954-CV, 2020 Tex. App. LEXIS 6148, at *5 n.1 (Tex. App.—Dallas Aug. 4, 2020, no pet.) (mem. op.) ("Because appellant did not file a motion to transfer venue, there is no order denying such a motion that he can appeal or we can address."). Henderson has not cited, and we have not found, authority that would support this request. We overrule this issue.

**CONCLUSION**

Having overruled Henderson's dispositive issues, we affirm the trial court's vexatious-litigant order and its final judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Ellis

Affirmed

Filed:   February 14, 2025