# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00752-CV

**Rickye Henderson, Appellant**

**v.**

**Kenneth Carter d/b/a Jack of All Trades, Appellee**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-002565, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rickye Henderson appeals from the trial court's order granting the motions for summary judgment of appellee Kenneth Carter d/b/a Jack of All Trades and dismissing Henderson's negligence claims against Carter with prejudice. In seven issues, Henderson complains about the trial court's "fail[ure] to recognize and address the introduction of racial animus and discriminatory bias into the judicial proceedings," the exclusion of or failure to consider certain evidence, and the "erroneous application of procedural barriers." For the following reasons, we affirm the trial court's order.

## BACKGROUND

In May 2023, Henderson sued Carter.[1] Henderson alleged that he owned a business located at 1115 Bastrop Highway in Austin, Texas (the Property); that he hired Carter to make improvements to the Property; that on November 6, 2022, Carter started work at the Property; and that on November 9, 2022, Carter "was negligent in making repairs to the property" and "started a fire on the property which caused extensive damage to the property."

Carter answered and, in September 2024, moved for no-evidence and traditional summary judgment. In his motions, Carter asserted that Henderson had leased a commercial building on the Property from Ali Arabzadegan, who owned the Property; that Henderson did not hire or pay Carter to perform any work on the Property; that his construction contract was with Top & Ball LLC and Sinbad Hookah Lounge, LLC; and that the fire occurred before Carter began any work on the building. Carter's summary-judgment evidence included the construction contract, which Henderson signed on behalf of Sinbad Hookah Lounge, and a hearing transcript and other filings in litigation brought by Arabzadegan against Henderson and others (the Property litigation): a transcript of Henderson's testimony at a temporary-injunction hearing in May 2023, the amended final judgment, and the trial court's findings of fact and conclusions of law.[2] In the Property litigation, the trial court found that Arabzadegan owned the Property and that Henderson and the other defendants were responsible for the November 2022 fire.[3]

---

[1] When Henderson filed suit, he was represented by counsel, but the trial court granted his counsel's unopposed motion to withdraw in August 2024.

[2] Henderson's appeal from the judgment in the Property litigation is pending before this Court in Cause No. 03-24-00236-CV. In its findings of fact in that litigation, the trial court found that Arabzadegan was the owner of the Property; that Henderson and the other defendants owned no right, title, or interest in the Property; and that any lease between Arabzadegan and the defendants was properly terminated in January 2023. The other defendants were Top & Ball

In his motion for traditional summary judgment in this case, Carter asserted that he was entitled to judgment as a matter of law because Henderson lacked standing to sue him, Henderson did not pay him for any construction work, Henderson could not establish the origin of the fire, and Henderson was conclusively adjudicated as having caused the fire. In his motion for no-evidence summary judgment, Carter challenged the elements of Henderson's negligence claim that Carter owed him a duty and that Carter breached any duty owed to him.[4] Carter filed and served notice that the hearing on his motions was set for October 1, 2024.

Henderson did not file a response before the hearing. However, at the hearing, the trial court extended his time to file a response. Within the extension period, Henderson filed documents in which he contended that he had standing to sue Carter because he was the "legal lessee" and "managing member" of Sinbad Hookah Lounge, that "newly discovered evidence" included "a direct admission" by Carter that he caused the fire at the Property, and that the "official fire report" exonerated Henderson. He also asserted that he did not receive proper notice of the hearing on the motion for summary judgment and that he had "uncovered an email revealing that the investigation" was "marred by racial bias." He also filed "Exhibits": (i) copies of July 2023 emails from Carter's counsel to Henderson's former counsel and (ii) a copy of an email sent in February 2023 that appears to be between non-parties concerning the

Properties, LLC, and Curtis Meeks. Central to the parties' dispute was a quitclaim deed that the trial court ordered void ab initio and of no force and effect. The deed purported to transfer the Property from Arabzadegan to Top & Ball Properties.

[3] The trial court's findings of fact included that "Defendants were responsible for causing a fire at the Property in November 2022. The fire destroyed a significant portion of [Arabzadegan's] building."

[4] *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001) ("To sustain a negligence action, the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach.").

3

investigation of the fire on the Property. Henderson also filed an amended petition that alleged due process violations and racial bias and complained about the investigation of the fire and actions of non-parties, including Arabzadegan, trial judges, and a law firm.

Carter filed a reply and objected to the exhibits that Henderson filed. Carter contended that the exhibits were not proper summary-judgment evidence and that they were not relevant because they were created after the fire occurred. Carter also filed additional documents from the Property litigation, including an order granting a motion to compel against Henderson and the other defendants and a copy of the quitclaim deed between Arabzadegan and Top & Ball Properties that the trial court found was void ab initio and of no force.[5] Henderson filed a response to Carter's reply in which he complained of racial bias and referred to video and other evidence, but he did not submit any additional evidence for the trial court's consideration.

In its subsequent order granting Carter's motions for summary judgment, the trial court stated that it had "considered all filings submitted to the clerk regarding the motion," but it did not specify the basis of its ruling. This appeal followed.

## ANALYSIS

### Standard of Review

"We review summary judgments de novo, viewing the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors

---

[5] In its findings of fact in the Property litigation, the trial court found that Arabzadegan and the defendants entered into a commercial lease in September 2022, and at the same time, the defendants "secretly and deceptively had [Arabzadegan] sign the signature page to a quitclaim deed" that purported to convey the property to Top & Ball Properties, which was owned by Curtis Meeks, and that "Defendants' fraudulent deed in this case, the subsequent fire, and Defendants' insurance claims were all part of a scheme to try to collect insurance proceeds for the fire damage to [Arabzadegan's] property."

could, and disregarding contrary evidence unless reasonable jurors could not." *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). "When a summary judgment fails to specify the grounds that the trial court relied upon for its ruling," which is the case here, "we may affirm the judgment if any of the grounds advanced is meritorious." *Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Servs., LLC*, 404 S.W.3d 737, 742 (Tex. App.—El Paso 2013, no pet.) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). And "[o]ur review is limited to consideration of the evidence presented to the trial court." *Id.* (citing *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.)); *see* Tex. R. Civ. P. 166a(c), (d).

In this case, Carter filed a traditional motion for summary judgment on several grounds and a no-evidence motion. *See* Tex. R. Civ. P. 166a(c) (requiring movant to establish that it is entitled to judgment as matter of law because there is no genuine issue of material fact), (i) (requiring respondent to produce summary-judgment evidence raising genuine issue of material fact on challenged elements). Thus, to be entitled to relief on appeal, Henderson "must negate each ground upon which the judgment could have been based." *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022) (explaining that appellate court may not reverse judgment without properly assigned error and that appealing party "must negate each ground upon which the judgment could have been based" when trial court's order granting summary judgment does not specify reasoning).

**Failure to Address Each Ground Raised and Inadequacy of Briefing**

As a threshold matter, we observe that Henderson has not provided argument that addresses each ground raised in Carter's motions for summary judgment. For example, one

5

ground that Carter asserted was that Henderson lacked standing to sue Carter because Henderson did not own the Property and was not a party to the construction contract, and Henderson has not provided argument to challenge this ground in his appellant's brief.[6]  Thus, we may affirm the trial court's order on this unchallenged ground.  *See id*.; *Cuidado Casero Home Health of El Paso*, 404 S.W.3d at 742.

We also observe that Henderson's arguments in his briefing to this Court do not include citations to the record.  *See* Tex. R. App. P. 38.1(i) (requiring brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) ("The Texas Rules of Appellate Procedure require adequate briefing.").  Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as

---

[6] Even had Henderson challenged this ground on appeal, based on the evidence that Carter submitted in support of his traditional motion for summary judgment, we would conclude that the trial court properly granted summary judgment and dismissed Henderson's negligence claims. *See La Tierra de Simmons Familia, Ltd. v. Main Event Entm't, L.P.*, No. 03-10-00503-CV, 2012 Tex. App. LEXIS 1928, at *13–16 (Tex. App.—Austin Mar. 9, 2012, pet. denied) (mem. op.) (explaining that standing may be raised in motion for summary judgment and agreeing with trial court that defendants conclusively established that plaintiff lacked standing); *see also Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex. 2012) (stating that "standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court" (citing *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304, 307 (Tex. 2008))); *Vee Bar, Ltd. v. BP Amoco Corp.*, 361 S.W.3d 128, 132 (Tex. App.—El Paso 2011, no pet.) ("In Texas, a cause of action for injury to real property belongs to the person who owned the property at the time of the alleged injury." (citing *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724 (Tex. App.—San Antonio 2004, no pet.))).  Carter presented evidence that Arabzadegan—not Henderson—owned the Property at the time of the November 2022 fire and that Henderson was not a party to the construction contract.  Carter's evidence included a copy of the construction contract, which was between Carter, Top & Ball, and Sinbad Hookah Lounge.  Henderson's evidence filed in response to the motion—the July 2023 emails from Carter's counsel to Henderson's former counsel and a February 2023 email that appears to be between non-parties—was not relevant to Henderson's standing to assert a negligence claim against Carter and, thus, did not raise a genuine issue of material fact to preclude summary judgment on this ground.

litigants who are represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants "an unfair advantage over litigants represented by counsel." *Id.* at 185.

Holding Henderson to the same standard as parties represented by counsel, we conclude that because his arguments do not include citations to the record, he has waived his issues due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *see also Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 Tex. App. LEXIS 6414, at *10 (Tex. App.—Fort Worth July 25, 2019, no pet.) (mem. op.) ("In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue."). Nonetheless, we will attempt to address Henderson's issues as best as we can. *See Hughes v. Armadillo Props.*, No. 03-15-00698-CV, 2016 Tex. App. LEXIS 10240, at *5 (Tex. App.—Austin Sept. 20, 2016, no pet.) (mem. op.) (attempting to address pro se appellant's "arguments as best as we can").

**Allegations of Improper Conduct**

In his first issue, Henderson argues that the "trial court committed reversible error by failing to recognize and address the introduction of racial animus and discriminatory bias into the judicial proceedings." He, however, cites nothing in the record that would support these arguments. Further, to the extent that his complaints do not concern the trial court's summary-judgment ruling, we do not further address those complaints because they do not impact our summary-judgment analysis. *See* Tex. R. App. P. 47.1 (requiring opinion to be as brief as practicable but to address "every issue raised and necessary to the final disposition of the appeal"). We overrule his first issue.

**Evidentiary Rulings**

In his second, third, fourth, and fifth issues, Henderson raises evidentiary complaints. He argues that: (i) the trial court erred in excluding from evidence "an email authored and circulated by" an insurance counsel and Carter's counsel, "thereby depriving [him] of a fair trial and violating his due process rights"; (ii) the trial court abused its discretion in "refus[ing] to admit into evidence a video and audio recording of [Carter] admitting to causing the fire"; (iii) "the trial court erred in failing to acknowledge a lead investigator's email explicitly naming [Carter] as a person of interest in an ongoing criminal investigation," depriving Henderson of a fair hearing; and (iv) "the trial court's refusal to consider the official fire report" "resulted in the improper dismissal of [his] claims" and "warrant[s] reversal."

Henderson has not identified where in the record he attempted to present evidence that the trial court refused to consider. *See* Tex. R. Evid. 103(a)(2) (establishing that party preserves claim of error as to trial court's ruling to exclude evidence only if error affects substantial right of party and party "informs the court of [the evidence's] substance by an offer of proof, unless the substance was apparent from the context"); *Fletcher v. Minnesota Mining & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("To challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof."); *see also* Tex. R. App. P. 33.1(a) (stating steps for preserving complaints on appeal); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 630 (Tex. App.—Dallas 2024, pet. denied) ("As a rule, a claim, including a constitutional claim, must first be raised in the trial court in order for it to be considered on appeal."). The record does not include a video or audio recording or fire report, and the trial court expressly stated in its order granting summary judgment that the court had considered all filings submitted to the

clerk regarding Carter's motions for summary judgment. We overrule Henderson's issues raising evidentiary complaints.

**Procedural Barriers**

In his sixth and seventh issues, Henderson argues that the trial court's "patterns" of certain conduct constituted "judicial bias that necessitates reversal" and complains that the "trial court's erroneous application of procedural barriers disproportionately affected [him] as a pro se litigant and violated his right to meaningful access to the courts."

Henderson cites nothing in the record that would support these arguments, and the record shows otherwise. Although he did not timely file a response to the motions for summary judgment prior to the hearing as required under Texas Rule of Civil Procedure 166a(c), the trial court extended his deadline for filing a response and then considered his subsequent filings before ruling on Carter's motions for summary judgment. Further, to the extent that his complaints do not concern the trial court's summary-judgment ruling, we do not further address those complaints because they do not impact our analysis. *See* Tex. R. App. P. 47.1. And he has not identified where in the record he raised these complaints with the trial court. *See id.* R. 33.1(a). For these reasons, we overrule his sixth and seventh issues.

## CONCLUSION

Having overruled Henderson's issues, we affirm the trial court's order granting Carter's motions for summary judgment.[7]

---

[7] Among Henderson's pending motions before this Court are his motion to notify this Court of the trial clerk's failure to file the record and to address the pattern of mistreatment and his motion to file an appendix in lieu of the clerk's record. Because the clerk's record has been

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   April 3, 2025

---

filed, we dismiss these motions as moot.  We deny Henderson's remaining motions that are pending before this Court.